DEBORAH FLINT *against* CLARK.

Where, by an agreement, under seal, between A. and B., a controversy between them was submitted to arbitration, and it was agreed that the sum to be awarded by the arbitrators, in favour of B., should be credited on a note which A. held against B., B. cannot maintain an action for a breach of covenant in not crediting the amount of the award on the note, without averring that the note had been assigned before it fell due. The covenant and award operate as a receipt *pro tanto* of the amount of the note; and whenever the balance should be paid, the note would, in judgment of law, be satisfied.

THIS was an action of *covenant.* The declaration stated, that on the 24th of *September*, 1803, articles of agreement were made and sealed by the parties, by which the defendant covenanted, that the defendant, and one *Cyrus Clark*, should submit a certain controversy, between them and the plaintiff, concerning the non-fulfilment of an agreement, before that time made, between the defendant and *Cyrus Clark*, and the plaintiff, respecting the building certain chimneys by the defendant and *Cyrus Clark*, for the plaintiff, to arbitration ; and that, whatever sum of money the arbitrators should direct to be paid to the plaintiff, for damages, as for the non-fulfilment of the said contract, should be accounted for, cancelled, and credited on a certain promissory note which had been given by the plaintiff to the defendant and *Cyrus Clark*, to procure the settlement of a suit, instituted in the supreme court, by the defendant and *Cyrus Clark*, against the plaintiff ; the plaintiff then averred, that the arbitrators were appointed, and that, after hearing the proofs and allegations, they awarded, that the defendant and *Cyrus Clark* should pay, to the plaintiff, the sum of 202 dollars and 50 cents, of which the defendant and *Cyrus Clark* had notice ; the breach is then assigned in the following words : "And the said plaintiff avers, that the said defendant did not cause, or procure the said sum of 202 dollars and 50 cents, or any part thereof, to be allowed, cancelled, or credited, on the aforesaid note so given to the said defendant, and the said *Cyrus Clark*, but hath hitherto wholly refused and neglected so to do ; nor has the said defendant, and the said *Cyrus Clark*, in any way paid or satisfied the said plaintiff, the said sum of 202 dollars and 50 cents, or any part thereof, but on the contrary thereof," &c.

The defendant prayed oyer of the agreement, and demurred generally. The agreement was in the following words : *"Canajoharie*, 24th of *September*, 1803. This may certify, that the business of prosecution in the supreme court, wherein *Cyrenus Clark* and *Cyrus* was plaintiffs, and *Deborah Flint*, defendant, is settled by the defendant securing the plaintiffs by a pro-

missory note; and further, the plaintiffs do agree to settle with the defendant, by way of arbitrament, the building of the chimney, wherein the plaintiffs is charged to make them good; provided also, said arbitrators, indifferently chosen by the parties, should award in favour of said *Deborah Flint*, the said sum is to be cancelled on a promissory note above mentioned."

The cause was submitted to the court without argument.

PLATT, J., delivered the opinion of the court. I think the demurrer is good; for, allowing all the averments in the declaration to be true, the plaintiff is not entitled to recover. The covenant, as set out in the declaration, does not bind the defendant, to *do any act;* he did not engage to *endorse a receipt* on the note for the amount of the award. It was an agreement by one of the joint creditors of the plaintiff, that the sum to be awarded should be deemed a payment *pro tanto* on the note; and that the plaintiff should have the full benefit of it, as a part satisfaction of the note. All the right and benefit which accrue to the plaintiff, from the covenant, are, that upon his paying the balance of the note, over and above the sum awarded to him, the note is, in judgment of law, satisfied.

It must be presumed, (because the contrary is not averred,) that the note still remains in the hands of the original payees; and if so, the plaintiff has sustained no injury.

The covenant and the award, operate like a receipt, whereby the defendant acknowledges so much paid on the note; and it is enough for him, that when payment of the note is demanded, he can protect himself *pro tanto*, under the agreement and award. There can be no doubt that the agreement, in this sense, is binding upon *Cyrus Clark*, as well as the defendant.

If the declaration had averred, that the note had been assigned before it fell due, then it would have shown a right of action in the plaintiff; because he would have thereby lost the benefit of the payment under the award.

There must be judgment for the defendant on the demurrer.

Let the plaintiff amend, &c.