## Case No. 15,283.
### UNITED STATES v. HALL.
[4 Cranch. C. C. 229.] [1]

Circuit Court, District of Columbia.    May Term, 1832.

CRIMINAL LAW — INDICTMENT — VARIANCE — FORGERY.

1. Upon the trial of an indictment under the 11th section of the penitentiary act for the District of Columbia, for uttering as true a counterfeited bank-note, it is not necessary that the note given in evidence should correspond in words and figures with the note set out in the indictment, with the following averment, namely, "which said false, forged, and counterfeited note is as follows, namely," &c., setting out the note verbatim et literatim, with all the words, letters, figures, and numerals, upon the face of the note.

2. But if the forged note be lost after the indictment found and before the trial, the jury must be satisfied that it corresponded with that set out in the indictment in the names of the cashier and president so far as that there was not, in the one, any letter added or omitted which would vary the sound of the name, and that the note which was passed had upon its face the letters "No" prefixed to the number 15,402, as is set forth in the indictment.

The indictment against [Edward] Hall contained two counts:

[1] [Reported by Hon. William Cranch, Chief Judge.]

1st. That he did falsely make, forge, and counterfeit, and did cause and procure, &c., and did willingly aid and assist in falsely making, forging, &c., a certain paper, partly printed and partly written, commonly called a "bank-note," and purporting to be a note of the president, directors, and company of the Bank of the United States, and to be signed by Nicholas Biddle, president of the said bank, and by W. M'Ilvaine, cashier, which said false, forged, and counterfeited note is as follows, namely:

"D 15,402                              No. 15,402
"(20)                                  (XX)

"The President, Directors and Co. of the Bank of the United States, promise to pay to Thomas C. Spotswood or bearer on demand twenty dollars. Philadelphia, March 4, 1831.                    N. Biddle, President.

"W. M'Ilvaine, Cashier."

—with intention to prejudice one Samuel Dixon, against the form of the statute in that case made and provided, and against the peace and government of the United States.

2d. The second count charged that he "did pass, and did utter and publish as true, a certain other false, forged and counterfeited paper partly printed and partly written," &c., describing it exactly as in the first count, "which said false, forged and counterfeited note is as follows," &c., (setting out the note as before,) "with intent to prejudice one Samuel Dixon, he the said Edward Hall at the time he so passed the said false, forged, and counterfeited note, and uttered and published the same as true, then and there well knowing the said note to be false, forged, and counterfeited, against the form of the statute," &c.

No evidence was offered under the first count.

By the eleventh section of the act of congress of March 2, 1831 (4 Stat. 448), "for the punishment of crimes in the District of Columbia," usually called the penitentiary act, it is enacted, among other things, "that every person duly convicted" "of having passed, uttered or published, or attempted to pass, utter, or publish, as true, any such falsely made, altered, or counterfeited paper writing or printed paper to the prejudice of the right of any person, body politic," &c., "knowing the same to be falsely made," &c., "with intent to defraud such person," &c., "shall be sentenced to suffer imprisonment and labor," &c.

At the trial it appeared that the forged note had been purloined from the district attorney, in the court-room, since the indictment was found; and secondary evidence was admitted, without objection.

R. S. Coxe, for defendant, prayed the court to instruct the jury, that if they shall believe, from the evidence, that the note, passed by the defendant, did not correspond, in words and figures, with that set out in the indictment then the jury ought to find their verdict for the defendant.

But THE COURT (CRANCH, Chief Judge, contra) refused to give the instruction.

MORSELL, Circuit Judge, thought that a variance in an unessential matter, such as a number, or mark, &c., which forms no part of the note, would not be sufficient to exclude it from the jury.

THRUSTON, Circuit Judge, doubted, whether, as this was a prosecution under the eleventh section of the penitentiary act, it was necessary to set out the note in hæc verba, because that section makes no distinction between different kinds of papers, such as notes, receipts, bills of exchange, bonds, &c., and makes it equally penal to forge, &c. any paper writing, to the prejudice of the right of any person, with intent to defraud such person. He also observed that the prayer is too general; and does not provide for the exceptions, such as mere misspelling where it is idem sonans, &c.

CRANCH, Chief Judge, was of opinion that the note produced in evidence should correspond in words and figures with that set out under the averment, "which note is as follows"; and although the note, in this case, is lost, yet the jury must be satisfied that the note passed was such as is set out, and although it might not have been necessary to set out the marks and numbers appearing upon the face of the note, yet, being set out, they ought to be proved as giving identity to the instrument.

THE COURT then, at the prayer of the defendant's counsel, (THRUSTON, Circuit Judge, contra), instructed the jury, that unless they should believe from the evidence that the note passed by the defendant was in fact false and counterfeit, and known by him to be so, and that it corresponded with that set out in the second count of the indictment, in the names of the cashier and president so far as that there was not in the one any letter added or omitted which would vary the sound of the name; and that the note, so passed, had upon its face the letters "No" prefixed to the second 15,402 as is set forth in the said second count, then the jury ought not to find the traverser guilty upon that count.

Verdict guilty, on the second count. Sentence, two years' labor in the penitentiary.