SAMUEL HOLMES, Appellant, *v.* WILLIAM STUMMEL, Appellee.

### APPEAL FROM MARSHALL.

A party who sues upon a special contract, cannot recover, unless he shows he has performed the contract substantially; or if he has performed but a part, that the remainder was waived or prevented, and the part performed has been accepted. The measure of the damages is the contract price, to be appropriately apportioned.

If a suit is brought for work and labor in assumpsit, the defendant may show a special contract; if he does, the plaintiff cannot recover unless he shows. that, though the work was not done as contracted for, yet that it has been appropriated, when the contract price will rule practically, leaving the defendant to recoup for any injury for non-performance of the contract.

THIS was an action of assumpsit, for work and labor done, commenced by the appellee against the appellant, in the Circuit Court of Marshall county. The cause was tried before BALLOU, Judge, and a jury, at the May term, 1858, of said Circuit Court, and a verdict and judgment against the appellant, in favor of the appellee, for $262.13, to reverse which judgment, the said appellant brings this cause into this court.

There had been a written contract between the parties, in reference to grubbing a piece of land. The controversy arose about the manner of doing the work, and the quantity of work done by the plaintiff.

See this case as reported in 17 Ill. R. 455.

H. M. AND J. J. WEAD, for Appellant.

RICHMOND & BURNS, for Appellee.

BREESE, J. The general rule in suing upon a special contract is, that a party cannot recover unless he shows that he has performed the contract substantially, or having performed part, and the balance waived or prevented by the other party, and the part performed has been accepted and appropriated. In either of which cases, he can recover for what he has done, the measure of damages being the contract price agreed to be paid in proportion to the whole work.

When the suit is brought upon a general *indebitatus assumpsit*, for work and labor, the defendant may defend, by showing a special contract, and the plaintiff cannot recover unless he shows that, though the work was not done as by the contract, that it has been appropriated and enjoyed by the defendant, and in that case the special contract affords the rule of damages, so far as it can be traced and followed, less any amount the defendant

may justly recoup for injury, for non-performance of the contract.

There was contradictory evidence in this case, whether there was a special contract or not, and also if there was, whether the plaintiff has performed it, and though we might not have reached the same conclusions the jury did, we cannot say they have so mistaken the evidence as to justify our interference. As to the law of the case, it was stated correctly, in substance, by the court, in disposing of the various instructions. Though not strictly correct in some particulars, they could not have misled the jury in any way. All the facts were fully before them, and we are disposed to think they have done justice between the parties.

The judgment must be affirmed.

*Judgment affirmed.*