Martin O. Walker, Plaintiff in Error, v. James Brown, and James Hollingsworth, Defendants in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

An implied contract cannot exist, when there is an existing express contract, about the identical subject.

When work has been done under a simple contract, the price of it may be recovered under an indebitatus assumpsit, but the contract will control the amount of the recovery.

The right to bring *indebitatus assumpsit* for money due on an executed contract, does not authorize a party to abandon the contract and sue on a *quantum meruit.*

Where work is done under a contract, the suit must be between the parties to it; third persons, though benefited by the work, cannot be sued upon an implied assumpsit.

An implied undertaking cannot be raised on the part of one who is benefited by work done, when such work has been done under a special contract with other parties.

Brown and Hollingsworth sued Walker in assumpsit. The declaration contained the common counts only. There was a trial by jury, and a verdict was rendered against Walker for the sum of one thousand eight hundred and forty dollars, which was followed by a judgment. A motion for a new trial was denied.

The facts in this case may be stated as follows:

On the thirteenth day of March, A. D. 1858, Thomas Shergold was the owner of a brick building on Randolph street, in

the city of Chicago. A. J. Hayward and Martin O. Walker, each were the owners of two adjoining brick buildings. On that day, Shergold, acting for himself, and professing to act for A. J. Hayward and M. O. Walker, signed the following instrument in writing, the defendants in error also signing on their part:

" We, the undersigned, agree to raise the five buildings east and adjoining Mr. Brown's, on the north side of Randolph street, between Dearborn and State streets; also, to excavate and take care of said dirt, so that there shall be no damage to arise against said owners of the aforesaid block, or any obstruction that might be made by raising and excavating under said block of buildings ; also, will take care of all water and gas pipes, so that there shall be no damage arise from the aforesaid pipes, and will perform out with safety every part and parcel of said block in as good a manner and condition as the block west that was raised for Mr. Newhall; and will also agree, that it shall be completed by the 30th day of April, 1858, for the consideration of thirty-five hundred dollars, to be paid as follows : one-half of the whole amount when the buildings are raised to their required height, and the other half of the amount at the expiration of six months from the above payments. We will faithfully perform the above requirements according as is required.

" In witness whereof, we set our hands and seals, this 13th day of March, 1858.

| | |
|---|---|
| JAMES BROWN. | [SEAL.] |
| JAMES HOLLINGSWORTH. | [SEAL.] |
| THOS. SHERGOLD, for himself. A. J. HAYWARD. M. O. WALKER." | [SEAL.] |

Shergold supposed himself authorized to sign the contract for Walker, and the defendants in error supposed it binding upon him. They proceeded at once, and raised the buildings to grade. After the work was done, Walker denied the authority of Shergold to execute the contract for him, and repudiated it altogether. He was then sued upon the contract, which was set forth in *hæc verba,* and he pleaded *non est factum,* and made oath to his plea.

Walker succeeded in his defense to this action upon the contract.

SCATES, McALLISTER & JEWETT, for Plaintiff in Error.

There was a written contract under seal, and the work sued for was done under that contract.

Where there is a subsisting special contract between parties in relation to doing a thing, all the cases agree that the contract must control; and that the remedy is, in general, upon that, and not upon the common law counts in assumpsit. The parties are bound by their agreement, and there is no ground for implying a promise, where there is an express contract. *Touissant et al.* v. *Martinnant*, 2 Term, 104; *Cutler* v. *Powell*, 6 Term, 324; Salk. R. 65; *Young* v. *Preston*, 4 Cranch, 239; *Raymond et al.* v. *Barnard*, 12 Johns. R. 274; *Jennings* v. *Camp*, 13 Johns. R. 96; *Clark* v. *Smith*, 14 Johns. 326; *Robertson* v. *Lynch*, 18 Johns. 456; *Wood* v. *Edwards*, 19 Johns. 212; *Miller* v. *Watson*, 4 Wend. 275, 276; *Shote* v. *Dorr*, 5 Wend. 206; *Wright* v. *Butler*, 6 Wend. 284; *Jewell* v. *Schroeppel*, 4 Cowen, 566; *Fuller* v. *Hubbard*, 6 Cow. 17; *Whitney* v. *Sullivan*, 7 Mass. 109.

The court in Connecticut holds the same doctrine as the New York and English courts. *Shephard* v. *Palmer*, 6 Conn. 100; *Russell* v. *South Britain*, 9 Conn. 522; *Londregon* v. *Crowley*, 12 Conn. 561, 523; *Hull* v. *Heighman*, 2 East, 145; *Weston* v. *Downes*, Douglas, 23.

The same rule is laid down in Mississippi, in *Morrison* v. *Ives*, 4 Smedes and Marsh. R. 652.

In Kentucky, also, in *Pringle* v. *Samuels*, 1 Bibb, 172.

Also, in Missouri, the same rule is laid down in *Christy* v. *Price*, 7 Mo. 433; *Stollings* v. *Sappington*, 8 Mo. 119; *Chambers* v. *King et al.*, 8 Mo. 519.

And in Maine, in *Charles* v. *Dana*, 14 Me. 387.

In *Chesapeake and Ohio Canal Co.* v. *Knapp et al.*, 9 Pet. 365, the court say:

There can be no doubt, that where the contract remains open, the plaintiff's remedy is on the contract; and he must set it forth in his declaration. But if the contract has been

put an end to, the action for money had and received, lies to recover any payment that has been made under it. *Towers* v. *Barrett*, 1 Term, 133; *Bank of Columbia* v. *Patterson's Administrators*, 7 Cranch, 299; 2 Cond. R. 501; 1 Bacon's Ab. 380.

The same principle is found in *Helps et al.* v. *Winterbottom*, 2 Barn. & A. 431; *Brooke* v. *White*, 1 New Rep. 330; *Robson* v. *Godfrey*, Holt, 236; *Heron* v. *Granger*, 5 Esp. 269; *Ingram* v. *Shirley*, 1 Stark. 185; *Forsyth* v. *Jervis*, 1 Stark. 437; *Harrison* v. *Allen*, 9 Monroe, 28; *Bailey* v. *Gouldsmith*, Peake, 56; *Gaudall* v. *Poutigny*, 1 Stark. 198; *Farrar* v. *Nightingale*, 2 Esp. 639; *Riggs* v. *Lindsay*, 7 Cranch, 500; 2 Cond. Rep. 585; *James et al.* v. *Cotton*, 7 Bing. 266; *Administrators of Foster* v. *Foster*, 2 Binn. 4; *Sykes* v. *Summerel*, 2 Browne, 227.

The agreement, if still a subsisting contract, must control the right to and amount of recovery, no matter what *form* of action may be necessary to enforce the particular contract.

This is the meaning of the following authorities which allow a recovery under the common counts, what may be due under special contracts, not under seal, which have been executed. *Londregon* v. *Crowley*, 12 Conn. 561; *Jewell* v. *Schroeppel*, 4 Cow. 566; *Mead* v. *Degolyer*, 16 Wend. 637; *Ladue* v. *Seymour*, 24 Wend. 61.

And when we find this rule laid down, we must not forget that it is always in subordination to that other rule,—that the recovery must be of what is due under and according to the contract. *Ally* v. *Parish*, 1 N. R. 104; 7 Mon. & Gray, 599.

Assumpsit will not lie to recover what is due under an *executed contract under seal.* 1 Chit. Pl. 332; *Porter* v. *Androscoggin & Kennebec R. R. Co.*, 37 Maine, 350; 1 Chit. Pl. 94, 95; *Banorgee* v. *Hovey et al.*, 5 Mass. 11; *Kimball* v. *Tucker et al.*, 10 Mass. 192; *Charles et al.* v. *Dana*, 14 Maine, 383; *Feeter* v. *Heath*, 11 Wend. 484; 7 Cranch, 299; 9 Peters, 566.

A party may recover under the common counts in assumpsit, for the stipulated price due on a special contract *not under*

*seal*, where such contract has been executed. *Leeds* v. *Burrows*, 12 East, 1; *Sheldon* v. *Cox*, 5 Dow & Ryl. 277; *Felton* v. *Dickenson*, 10 Mass. 287; *Jewell* v. *Schroeppel*, 4 Cow. 564; 7 Cranch, 299; *Brown* v. *Gauss*, 10 Mo. 266; *Ulendenin* v. *Paulsel*, 3 Mo. 230; *Greenup* v. *Meade et al.*, 3 Mo. 231; *Garred* v. *Macy et al.*, 10 Mo. R.; *Chesapeake & Ohio Canal Co.* v. *Knapp et al.*, 9 Pat. 565; *Smith* v. *Smith*, 1 Sandford R. 208.

The contract was with third persons and not with defendant. It was a written contract *under seal*, made with Thomas Shergold and Hayward, and Walker was not a party to it. The plaintiffs cannot, therefore, sustain an action of assumpsit upon the common counts. *Parker* v. *Emery*, 28 Maine, 494.

But where there is a subsisting special contract between the parties in relation to the thing done, all the cases agree that the contract must control, and that the remedy is, in general, upon that, and not upon the common counts in assumpsit. 12 Johns. 274; 13 Johns. 94; 14 Johns. 326; 18 Johns. 69, 451; 16 Wend. 632.

In *Ladue* v. *Seymour*, 24 Wend. 63, the court say, that while assumpsit will lie for the money due under an executed contract, yet they say: " It does not supersede the necessity of producing the special contract; on the contrary, the agreement must be shown, for the purpose of seeing whether it has been performed by the plaintiff, and whether the *stipulated* time and mode of payment were such as to warrant a recovery without declaring specially on the contract.

GALLUP & HITCHCOCK, for Defendants in Error.

BREESE, J. The record shows, that the contract under which this work was done was a sealed contract. The parties agree that the work was commenced and prosecuted under this contract, and the price fixed by it was fourteen hundred dollars.

The defendants, after performing the work under this agreement, now abandon it, and bring this suit upon an implied promise in law, to recover the value of the services rendered, and the jury, under the instruction of the court, have assessed

their damages to eighteen hundred and forty dollars, being four hundred and forty dollars more than the ratable price as expressed in the contract, and under and for which it was performed.

The question for our consideration comes up on the refusal of the court to give the following instruction asked for by the plaintiff in error: "If the jury believe, from the evidence, that the plaintiffs entered into a contract in writing, and under seal, with Thomas Shergold and others—the contract read in evidence—and performed the work sued for under said contract, then the jury will find for the defendant."

This refusal is the error now insisted upon. This instruction, like the second and fourth, which the court modified, presents, substantially, the question, whether the contract under which the work was performed is to govern the remedy and right of recovery. We have no doubt, in reason and on authority, the contract must govern; and so believing, the modifications of the second and fourth instructions, and the refusal to give the one here copied, were erroneous.

As in physics, two solid bodies cannot occupy the same space at the same time, so in law and common sense, there cannot be an express and an implied contract for the same thing, existing at the same time. This is an axiomatic truth. It is only when parties do not expressly agree, that the law interposes and raises a promise.

The error in this whole proceeding arises upon the assumption, that the plaintiff in error might become liable, under the implication of law, that he should pay the reasonable worth of services, beneficial to him, bestowed upon his property, with his knowledge and acquiescence, notwithstanding such services were rendered under an express agreement with another person.

An express contract, executory in its provisions, must totally exclude any such implication. One party agreed, in consideration of the other to pay, to render the service; the other, in consideration of the promise to render the service, agrees to pay. One is the consideration and motive for the other, and each equally excludes any other consideration, motive, or promise.

In *Touissant et al.* v. *Martinnant*, 2 Term Reports, 104, Ashhurst, J., says: "But when a party will not rely on the promise which the law will raise, but takes a bond as a security, then he has chosen his own remedy, and he cannot resort to an action of assumpsit. Therefore, in this case, his only security is on the bond." Again, he says: "But still, the bond was their remedy, and they shall not be permitted to change their security upon a subsequent event, and resort to that indemnity which the law would have raised." Buller, J., says: "Now, why does the law raise such a promise? Because there is no security given by the party. But if the party choose to take a security, there is no occasion for the law to raise a promise. Promises in law only exist where there is no express stipulation between the parties; in the present case, the plaintiffs have taken a bond, and therefore they must have recourse to that security."

In the case of *Cutler, Adm'x*, v. *Powell*, 6 id. 324, Lord Kenyon, C. J., said, "That where parties have come to an express contract none can be implied, has prevailed so long as to be reduced to an axiom in the law. Here the defendant expressly promised to pay the intestate thirty guineas, provided he proceeded, continued and did his duty as second mate in the ship from Jamaica to Liverpool;" and Ashhurst, J., said, "It has been argued, however, that the plaintiff may now recover on a *quantum meruit*, but she has no right to desert the agreement; for, wherever there is an express contract, the parties must be guided by it; and one party cannot relinquish or abide by it, as it may suit his advantage."

The whole current of authorities seems to bear in this direction. We have examined some of them. *Young* v. *Paxton*, 4 Cranch, 229; *Raymond et al.* v. *Barnard*, 12 Johns. 374, and cases there cited; *Whitney* v. *Sullivan*, 7 Mass. 109; *Robertson* v. *Lynch*, 18 Johns. 456.

This case shows, if work is in fact done under a special contract, the plaintiff cannot recover under a *quantum meruit.* In this case, the work was done under a special contract made with a party assuming to act for the plaintiff in error, and the recovery must be had on that contract.

See also, *Miller* v. *Watson*, 4 Wend. 275; *Wright* v. *Butler*, 6 id. 284; *Vanderheavel* v. *Storrs*, 3 Conn. 203, and cases there cited; *Shephard* v. *Palmer*, 6 Conn. 100; *Hulle* v. *Heightman*, 2 East, 145; *Pringle* v. *Samuels*, 1 Bibb, 172; *Christy* v. *Price*, 7 Missouri, 433.

When the contract has been performed, the plaintiff may recover on simple contract the price of the service, under an *indebitatus assumpsit*, but the contract must regulate the amount of the recovery. *Bank of Columbia* v. *Patterson's Adm'r*, 7 Cranch, 299 ; *Holmes* v. *Stummel*, 24 Ill. 370.

This distinction, as to the form of the remedy upon executed or executory contracts, is fully laid down and recognized, and is perfectly consistent with the principle excluding implications when express contracts exist. *James et al.* v. *Cotton*, 20 Eng. C. L. Rep. 129 ; *Kimball* v. *Tucker et al.*, 10 Mass. 195 ; *Londregon* v. *Crowley*, 12 Conn. 561; *Charles* v. *Dana*, 14 Maine, 383; *Mead* v. *Degolger*, 16 Wend. 637 ; and numerous other authorities might be cited to the same effect. It follows then, that suit must be brought against the parties to this contract. They have made it in the form that suited them best, and that must be the ground of action, and measure of relief. *Parker* v. *Emery*, 28 Maine, 494.

The reason of the rule is plain. Parties are bound by their agreement, and therefore there is no ground for implying a promise when there is an express contract, and it can make no difference whether the contract is made by the parties themselves, or by others for them. The contract must be sued on. The defendants seem to have misconceived the doctrine.

Although the contract may be a subsisting unexecuted contract, and on that account requires a suit on the instrument itself, yet the right to bring indebitatus assumpsit, for money due on an executed contract, does not entitle the party to set aside the contract, and sue on a *quantum meruit*. It is a question as to the form of the action. But whether it be a general count on an indebitatus assumpsit, or a special count on the contract itself, the parties to the contract must be the parties to the suit, and be controlled by its provisions.

Again, the defendants seem to misapprehend the rule in

another respect, for when work is done under a contract, the suit must be between the parties to it; and third persons, though benefited by the work, cannot be sued on an implied assumpsit to pay for that benefit, upon the idea that they cannot avail of the fact of the work being so done under a contract with others.

It is true, as a general proposition, that if the owner of real estate will stand by silently, and allow another to go to work, and bestow his labor and materials for its benefit and improvement, that he ought to be liable upon an implied assumpsit to pay therefor, a reasonable compensation. Yet this does not apply, when that labor and those materials were bestowed under an express agreement. This being so, the counsel for the defendants, and the court below, have fallen into an error as to the application of the principle. The plaintiff in error had a right to set up and show there was a special contract with other parties, under which the work was done, and therefore that there could be no implied undertaking on his part, in law, to pay, notwithstanding the work was beneficial to him, and he stood by without objecting to its being done on his premises. Recognizing as we do, the validity of the special contract, in any form of action to recover for this work, it follows, as a corollary, that in any form of action which may be deemed proper to recover upon it, the parties to it must become the parties on the record, and the amount of the recovery must be regulated by the provisions in the contract. Any other rule would make contracts of little value, and the courts might become instruments of oppression in attempting to enforce them. Sound and long established rules must be adhered to. A general notion of administering equity in particular cases, should not induce courts to overturn settled principles. They might do more wrong than they would redress in the particular case.

For the reasons given, the judgment of the court below is reversed.

*Judgment reversed.*