GEORGE THOMAS *et al.*

*v.*

WILLIAM H. CALDWELL *et al.*

1. CONTRACTS—*necessity of signing the same.* Although the name of a party may be mentioned in the body of a written contract, as being one of the contracting parties, yet if he does not sign the instrument he will not be bound thereby.

2. JURISDICTION IN CHANCERY—*where there is a remedy at law.* Where a party to a contract has a remedy at law thereon, the mere fact that the other party, who has possession of the instrument, refuses to permit him to see it, or to have

a copy thereof, will not authorize the former to resort to a court of chancery for the mere purpose of recovering upon the contract, there being no prayer for discovery as to the contents of the instrument.

3.   Should the party seeking to recover upon a contract, which is so out of his possession and control, seek by his bill a discovery of the contents of the instrument, a different question as to jurisdiction in equity would arise.

4.   ASSUMPSIT—*common counts.* Where a contract has been performed, and nothing remains to be done under it but to pay the money due by its terms, the party to whom it is owing may sue in assumpsit, and recover under the appropriate common counts, and is not required to declare specially on the written instrument.

APPEAL from the Circuit Court of Mason county ; the Hon. CHARLES TURNER, Judge, presiding.

The opinion states the case.

Mr. LYMAN LACEY, for the appellants.

Mr. J. B. WRIGHT, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was a suit in chancery, brought by appellees, in the Mason Circuit Court, against appellants. The bill alleges that appellants contracted with appellees for the building of a church in Mason county, Illinois. The building was to be a frame, and to be finished some time in August, 1867; to be 30x40 feet in size, and the studding to be 14 feet in length. Appellees were to furnish the materials at Havana, in that county, and to perform the labor and finish the building complete, but appellants were to haul the material to the site of the church, and were to pay appellees $1,611—one-half to be paid within three weeks from the time the contract was made, and the remainder on the completion of the work.

Appellees allege that they performed the work according to the agreement, and completed the building about the 1st day

of September, 1867, and appellants accepted it, and entered into possession and used and occupied it for the purposes for which it was built, until about the 10th of September, 1867, when it was accidentally destroyed by fire. Appellees admit the payment of $811. They allege that the contract, which was in writing, is not in their possession, but is in the hands of appellants, and that a copy was refused them, although demanded before suit was brought. They allege that because they do not have a copy of the contract, and appellants refuse to furnish it, they have no remedy at law, and pray its production, and on a final hearing that the court will ascertain the amount due them and decree its payment, and for other and further relief.

Appellant Short filed a separate answer, in which he denied that he entered into this or any other contract with appellees. The other appellants also answered, denying the allegations of the bill, and setting out the contract that was made. They deny that they accepted the building, or that it was ever finished or delivered under the contract. They insist that the risk of the building was on appellees until it was completed and accepted according to the agreement; that the church was built by subscription, and the subscribers would not pay, and could not be compelled to, as the church had not been completed and accepted. They insist that the court could not take equitable jurisdiction of the case, as their remedy was complete at law. Replications were filed, and on a hearing on bill, answers, replications and proofs, the court below decreed the relief sought. Appellants, to reverse the decree, bring the record to this court and assign various errors.

By an examination of the agreement entered into by the parties, which is set out in the evidence, we see that Short did not sign it. It is true, his name appears in the body of the instrument, but that could not make him a party to the contract. That could only be done by his executing it as one of the contracting parties. Not being a party to the agreement, it was error to render a decree against him for the

payment of the money. He was not shown to be liable under the agreement, and it was upon it alone that appellees relied for a recovery. The court below should, therefore, have dismissed the bill as to him.

The next question presented, is, whether a court of equity has jurisdiction of the case, or must the parties be left to pursue their legal remedy? It is conceded by the bill that if appellees had been in possession, or had the control of the article of agreement, they would have been required to sue upon it in a court of law. And such is, undoubtedly, the practice. But because one of the defendants to the bill had the contract and refused to permit appellees to see it, or to have a copy, is urged as a fact that renders the rule inoperative, and authorizes a court of equity to assume and exercise jurisdiction in the case.

This court has repeatedly held, and such is the well established rule of the common law, that where there is a written agreement, and it has been so far performed that nothing remains to be done under it but to pay the money due under the agreement, the party to whom it was owing may sue in assumpsit, and recover under the appropriate common counts, and is not required to declare specially on the written instrument. *Throop* v. *Sherwood*, 4 Gilm. 98; *Holmes* v. *Stummel*, 24 Ill. 370; *Walker* v. *Brown*, 28 Ill. 378. These cases fully recognize the rule, and authorize appellants to have sued on the common counts in assumpsit, if the allegation that they had fully performed their part of the contract, and nothing remained but for appellants to pay the money, was true. This they aver, and it would be a question for a jury to say whether they had fully performed the agreement and the church building had been accepted by appellants. We are at a loss to understand why a court of law, in such an action, could not afford as full and complete relief as could a court of equity. Had such a suit been instituted, and appellants failed to produce or prove the terms of the agreement, to fix the value of the labor and materials, they would have recovered what

appellants proved them to have been worth; and upon the production of the agreement, the question whether the building had been completed and accepted would have been presented and determined, and the measure of damages thereby ascertained.

Had this bill prayed for discovery, by answer under oath, as to the contents of the agreement, a different question might have been presented; but the oath of the defendants is expressly waived, and the parties are left to prove the agreement as at law. There are cases, where a discovery is necessary, that a court of equity having obtained jurisdiction for that purpose, the case will be retained and complete justice done, but this is not, as presented, such a case.

Nor do we see that the mere allegation that appellees did not know whether Short had signed the contract, conferred jurisdiction. If not remembered, they could have learned the fact by calling upon him or the custodian of the agreement, or at least from some one of appellants. They do not allege that they had made any, the least, effort to ascertain the fact. Courts of equity will not, on slight grounds, take jurisdiction, and deprive the parties of their constitutional right to have the facts of their case passed upon and determined by a jury. And the question whether there was an acceptance being disputed, and not free from doubt under the evidence in this record, it is eminently proper that it should be thus determined.

The decree of the court below must be reversed and the cause remanded.

*Decree reversed.*