**MICHIGAN MUTUAL LIABILITY INSURANCE COMPANY, a corporation, Plaintiff, Counter-Defendant**

v.

**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, a corporation, and Casualty Mutual Insurance Company, a corporation, Defendants,**

**Bertrand Goldberg, Individually and d/b/a Bertrand Goldberg Associates, Intervenor, Counter-Plaintiff, Lloyd's of London et al., Additional Parties.**

**Nos. 66 C 297, 67 C 1260.**

United States District Court, N. D. Illinois, E. D.

Sept. 23, 1975.

Michael A. Coccia of Baker & McKenzie, Chicago, Ill., for plaintiff.

Menk, Bishop & Kezelis, Chicago, Ill., for defendant Great American Ins. Co.

Richard E. Mueller, Gordon R. Close, of Lord, Bissell & Brook, Chicago, Ill., for Casualty Mutual Ins. Co.

William B. Goodstein, Chicago, Ill., for Bertrand Goldberg, etc.

Walter W. Ross Jr., Robert G. Schloerb, Robert S. Milnikel, Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., for Lloyd's of London, and others.

## MEMORANDUM DECISION

MARSHALL, District Judge.

This is a diversity action in which plaintiff, Michigan Mutual Liability Insurance Company, a Michigan corporate citizen, seeks contribution from defend-

ant, Great American Insurance Company of New York, a New York corporate citizen, in respect to payments made by plaintiff in settlement of claims made by persons injured during the construction of the Marina City apartment complex in Chicago. The amount in controversy exceeds $10,000 exclusive of interest and costs and jurisdiction is here under 28 U.S.C. § 1332.

Despite a tortured history in this court, it now emerges that the facts are not in dispute as they affect plaintiff's obligations under certain policies of insurance issued by it and its right to contribution from defendant under coinsurance clauses which existed in plaintiff's policies and a policy issued by defendant. What the case has come down to is the interpretation to be given a particular clause in the policy issued by plaintiff to McHugh Construction Company, the general contractor in the construction of Marina City, and an identical clause in a policy issued by plaintiff to a joint venture known as the McHugh-Brighton Construction Company Joint Venture. If plaintiff is obliged to provide coverage to McHugh and McHugh-Brighton for their contractual indemnification of Bertrand Goldberg & Associates, the architect on the project, then plaintiff is not entitled to contribution from defendant who is Goldberg's general liability carrier. For the reasons hereinafter stated, plaintiff is obliged to provide coverage to McHugh and McHugh-Brighton, with the result that it is not entitled to contribution from defendant.

During the construction of Marina City, an elevator malfunctioned and six workmen were injured. Marina City was being built by a joint venture composed of McHugh Construction Company and Brighton Construction Company. McHugh was the general contractor. The owner of the premises was the Marina City Building Corporation. Of the six injured claimants, three were employees of the general contractor and their remedy against the contractor was confined to workmen's compensation. However, they brought actions against the architect, Bertrand Goldberg & Associates, under the Illinois Structural Work Act, Ill.Rev.Stat., ch. 38, §§ 60–69 (1961). *See Miller v. DeWitt*, 37 Ill.2d 273, 226 N.E.2d 630 (1967). The other three claimants who were not employees of the general contractor proceeded against both the architect and the contractor under the Structural Work Act.

Those six actions comprise the subject matter of Counts 2 and 4 of plaintiff's instant complaint.[1] Plaintiff settled the six suits and now seeks contribution from defendant in regard to that settlement.

At the time of the events giving rise to the controversy and at the time of the settlement, plaintiff had issued to Goldberg one policy having limits of $25,000 and a second policy having limits of $100,000/300,000. It had also issued to McHugh Construction Company and the McHugh-Brighton Joint Venture policies with limits of $250,000/500,000 respectively. Defendant had issued a general liability policy to Goldberg with limits of $500,000/1,000,000. The parties concede defendant's policy is secondary to any coverage provided by the policies issued by plaintiff. The real issue is what coverage was provided by the policies issued by plaintiff to McHugh and McHugh-Brighton.

The construction contract which McHugh entered into provided as follows:

Each Contractor shall be responsible for his own work and every part thereof. He shall specifically and distinctly assume and does assume all risks of damage or injury from whatever cause to property or persons used or employed on or in connection with his work, and all damage or injury to any persons or property wherever located resulting from any action or opera-

---

1. Counts 1 and 3 dealt with a different incident and a different carrier and have been disposed of.

tion under this contract, or in connection with his work, and undertakes and promises to protect and defend the Owner and Architect against all claims on account of such damage or injury.

The contract contained various provisions requiring the issuance of architectural certificates of inspection and approval as conditions of McHugh's performance of the agreement. It also required McHugh to provide certificates of insurance to both the owner and the architect. In compliance with that provision, McHugh and McHugh-Brighton obtained the $250,000/500,000 policies from plaintiff which are the nub of this dispute. Both of those policies contain a provision that they do "not apply to any obligation for which the insured [McHugh and McHugh-Brighton] may be liable in any action on a contract by a person not a party thereto." That exclusion was waived by an endorsement entitled "Waiver of Third Party Exclusion" which reads as follows:

In consideration of the composite rated premiums, it is agreed that [the above quoted exclusion is] hereby waived. It is further agreed that as respects the additional insurance provided by this endorsement, the limit of the Company's liability under the policy and the contractual liability endorsement for bodily injury liability and property damage liability shall not exceed $25,000 for any one accident.

Plaintiff's position is simply stated. It maintains that the architect, Goldberg was not a party to the construction contract. Accordingly, the indemnity liability of McHugh and McHugh-Brighton under the construction contract was not covered by plaintiff's policies issued to them because those policies did "not apply to any obligation for which the insured may be liable in any action on a contract by a person not a party thereto."

In support of its contention, plaintiff relies entirely upon *Thomas v. Caldwell*, 50 Ill. 138 (1869). That was an action by a contractor to recover for the construction of a church. All of the members of the governing board of the church were named in the contract. However, the defendant involved in the appeal had not signed the contract. A recovery against him on the contract was reversed by the Illinois Supreme Court because the defendant did not sign the undertaking. The Court observed, "It is true his name appears in the body of the instrument, but that could not make him a party to the contract. That could only be done by his executing it as one of the contracting parties." 50 Ill. at 140.

Plaintiff carries that language in *Caldwell* to a literal extreme. True, the architect, Goldberg, did not execute the contract between the owner and the contractor McHugh. But the architect was a specifically designated third-party beneficiary indemnitee of that contract. He was granted specific, unequivocal benefit of indemnification by the contractor. The architect was a party to a contract with the insured within the meaning of the exclusion in plaintiff's policies issued to McHugh and McHugh-Brighton. Accordingly, those policies covered the McHugh, McHugh-Brighton indemnification liability to the architect, Goldberg, without regard to the limited waiver of the exclusion.

Plaintiff's motion for partial summary judgment is denied.

There are no contested issues of material fact in respect to the interpretation of the policies of insurance issued by plaintiff to McHugh and McHugh-Brighton. The foregoing interpretation placed upon those policies destroys plaintiff's claim for contribution from defendant under both Counts 2 and 4 of plaintiff's complaint. Accordingly, judgment will enter in favor of the defendant, Great American Insurance Company of New York, and against the plaintiff, Michigan Mutual Liability Insurance Company, on Counts 2 and 4 of plaintiff's complaint.

The court has considered the counterclaim of intervening defendant, Bertrand

Goldberg, in which he takes a position in accord with the views herein expressed. He also asserts that he has been damaged by the position taken by plaintiff in this action, but he alleges no facts in support of that allegation. The issues raised by his counterclaim regarding the proper interpretation to be placed upon plaintiff's policies issued to McHugh and McHugh-Brighton have been rendered moot by the foregoing decision. His claims for money damages are not supported by any well-pleaded allegations of fact. Accordingly, the claims for money damages in Goldberg's counterclaim are stricken and the remaining allegations of the counterclaim are dismissed as moot.

There is also pending in this court a separate action by Goldberg against Michigan Mutual Liability Insurance Company (67 C 1260) in which the facts alleged are in all essential respects identical to Goldberg's counterclaim here. For the reasons hereinbefore stated, the complaint in 67 C 1260 does not allege facts showing a claim for money damages in *Goldberg,* and the remaining allegations of that complaint are dismissed as moot.

