# A. G. TROGDON, Admr.

## *v.*

## ELIZABETH MURPHY *et al.*

1. WILL—*devise of life estate with remainder.* A bequest was in these words: "I give and bequeath to my beloved wife, K., during her natural life, all the stock and personal property of which I may be in possession at my decease; also the plantation on which I reside. * * After the death of my wife, the whole of the home farm shall go to my daughter, Polly; but in the event of her (Polly) dying without an heir, then I direct the place to be sold, and the proceeds of said land and personal property to be equally divided among my lawful heirs:" *Held,* that the widow took a life estate, only, in the personal property, with remainder to heirs of the testator.

2. SAME—*may be a life estate in personalty.* A life estate in personal property, with a remainder over, may be created by will. In such case, upon the death of the tenant for life, the property so bequeathed remaining must be distributed to the remainder-men.

3. ERROR—*does not always reverse.* The admission of an incompetent witness to testify in a case, where the other proofs and admissions of fact justify the judgment, affords no valid ground for a reversal.

APPEAL from the Circuit Court of Edgar county; the Hon. O. L. DAVIS, Judge, presiding.

Messrs. TROGDON & CAPPS, for the appellant.

Messrs. BISHOP & MCKINLAY, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

There are but two questions presented by this record—first, as to the competency of witnesses, and secondly, whether the law permits a testator to bequeath property for life, with remainder over.

This was a proceeding for the final settlement and distribution of the personal estate of Catharine Clapp, deceased, commenced in the county court of Edgar county at the March term, 1876, thereof. On the trial, it was admitted by appellees that the settlement exhibited by the administrator was true and correct; that the whole amount of the estate was $1031.83—debts and expenses, $250.39—leaving for distribution, $781.44; that appellees Barnhart Clapp, Minerva Gill, Christian Francis, Mary C. Trogdon and James G. Roberts, are the heirs of Christian and Catharine Clapp, deceased; that they were all children, except James G. Roberts, who was a grand-son, whose mother was deceased; that Christian Clapp died in November, 1857, testate, and that his widow, Catharine, died the 19th of June, 1872, intestate.

Appellees read in evidence the last will of Christian Clapp, deceased, which had been duly probated, against the objection of the administrator. By the will, testator first requires the payment of his debts and funeral expenses. The second clause is this:

" I give and bequeath to my beloved wife, Catharine, during her natural life, all the stock and personal property of which I may be in possession at my decease, also the plantation on which I reside; but should my daughter, Polly, become of age, or marry, and desire it, she shall have the east half of said farm for her benefit. Nevertheless, I reserve to my wife the right to get firewood off of any part of the whole farm she may choose; and my wife may, if there is any stock or property she does not want to keep, sell or dispose of the same in any way she shall think best; and after the death of my wife, the whole of the home farm shall go to my daughter, Polly; but in the event of her (Polly) dying without an heir, then I direct the place to be sold, and the proceeds of said land and personal property to be equally divided amongst my lawful heirs."

The will then provides for making the heirs, at the death of his wife, equal from the property which may be left at that time, and an equal distribution of the remainder.

After introducing evidence as to what the executor had paid and delivered to the widow, this agreement was read in evidence:

" It is agreed and admitted that the following facts are true, for the purposes of this case: That Barnhart Clapp, executor of Christian Clapp, deceased, turned over specific articles of property to Catharine Clapp, December the 12th, 1857, valued by the appraisers at $655, and took her receipt for money, prior to November 25th, 1863, for $460.26—total taken and received by widow, $1115.26; and this was the whole of the personal assets of said Christian Clapp, deceased, after payment of debts and expenses of administration. Catharine Clapp's award in estate was $552.05, as allowed and approved by the county court."

On a trial, the county court made an order of distribution among the heirs; whereupon the appellees in this case appealed to the circuit court, when, on a hearing, the court made an order for distribution. It required the administrator of Catharine Clapp, deceased, of the sum of $781.34 then in his hands,

that he distribute the sum of $460.26 to the heirs of Christian Clapp, deceased, under his will, and that he distribute the balance ($321.08) amongst the heirs of Catharine Clapp, deceased. Whereupon the administrator brings the record to this court on appeal.

It is first urged that the language of the will does not show an intention on the part of the testator to create a remainder on the life estate of the widow. We are at a loss to understand how it can be claimed that the intention of the testator was to give the personal property absolutely to his widow. He commences the clause by saying, in explicit terms, that he gives it to her during her natural life, and he closes this clause by requiring that the proceeds of this personal property be equally divided amongst his lawful heirs. We say this personal property, because there was, and from the provisions of the will there could have been, no other. All of his personal property had been bequeathed to his wife in the first part of the clause, and there could have been no other such property in his mind at the time. This, we think, is so manifest, from reading this provision, that no ingenuity could make it plainer, hence we shall not consume time in discussing it.

It is next urged, that even if it was the intention of the testator to create only a life estate, and to limit a remainder on it, under the law he failed of his purpose; that the creation of such estates in personal property is not allowed by the rules of law; that such an attempt as this vests the absolute title in the taker of the life estate.

There may be some diversity in the rulings of different courts, but we regard the question as settled in this court. In *Boyd* v. *Strahan*, 36 Ill. 355, *Waldo* v. *Cummings*, 45 Ill. 423, and *Burnett* v. *Lester*, 53 Ill. 325, it was held that a life estate in personal property, with a remainder over, might be created. The rules announced in those cases, we think, most clearly and fully govern the case at bar, and we can not suppose appellant, when the point was made in argument, expected that we would depart from the rule.

He has urged nothing that could have such an effect, hence we dismiss the question without further discussion.

This, then, left in the hands of Catharine Clapp, at the time of her death, $460.26 which belonged to the estate of Christian Clapp, and to be distributed under the provisions of the will. She received that sum under the provisions of the will, and could only acquire such title to it as the will gave her, which was only its use during her life.

As to the question whether the husbands of appellees were competent witnesses or not, it is a matter of not the slightest consequence in this case, because the agreement as to the facts read in evidence, as well as appellant's evidence, fully justify and require the finding of the court, nor has there been any suggestion, even, that the testimony of these witnesses worked the slightest wrong to appellant, and we will not thwart justice, oppress the parties with costs, and delay them in their rights, by reversing simply on an almost impalpable technicality. Courts are created for no such purpose.

Nor can we see, from the record in this case, any ground for urging a reversal because the court below rendered a judgment against the administrator for costs, as we fail to find any such order. The order set out by appellant, in his abstract of the amended record, directs that the administrator " pay the remaining sum of $321.08 in his hands, after paying the costs of administration, to the heirs of Catharine Clapp," naming each of them. If this language does not require him to deduct the costs and then distribute the balance, it would be difficult to frame language for the purpose, and there can, so far as we can see, be no possible objection to the order.

We have been unable to see any error in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*