## THE PARIS AND DANVILLE RAILROAD COMPANY

*v.*

## HENDERSON & HENDERSON.

. 1. CONTRACT—*condition construed—building and equipment of road.* A written agreement to pay money, if a certain railroad shall be built and equipped, and running from one point to another, before a certain day, requires a finished road adapted to and capable of being used for the purpose of its construction, and not one incomplete and unfit for use, and such road can not be said to be equipped until it has the necessary engines, cars and other appliances for its ordinary use, as such roads usually have, and the passage of a single train over the road is not a running, within the meaning of the contract, where the road is in an unfinished state.

2. Where a written promise was made to pay a railway company $100 if its road was built and equipped, and trains running to a given point by a day named, but if not completed on such line within such time, the obligation to be void, and the proof showed that the company ran an engine, tender, one passenger coach and one or two flat cars over the line two days before the time limited, but places on the road were only half tied, and regular trains were not run over the same until several months after the time, it was *held*, that no recovery could be had on the obligation.

3. ERROR—*that works no injury.* The admission of evidence denying the execution of a note by one partner, or that it was not given in the usual course

of business of the firm, which is afterwards excluded by an instruction, even if erroneously admitted, can work no injury, and is not ground of reversal. Neither is the admission of evidence which could, in nowise, have influenced the finding of the jury.

APPEAL from the Circuit Court of Crawford county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. CALLAHAN & JONES, for the appellant.

Messrs. PARKER & OLWIN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action, brought before a justice of the peace of Crawford county, by appellant against appellees, on this instrument:

"If the Paris and Danville Railroad shall be built and equipped, and running from Danville, Illinois, by the way of Robinson, Illinois, to the south line of Crawford county, Illinois, on or before the first day of January, A. D. 1876, in consideration of the benefits and advantages that may result to the public in general, and to myself in particular, by the construction of said railroad, on the line aforesaid, I promise to pay to the Paris and Danville Railroad Company or bearer one hundred dollars, the same to become due and payable at the expiration of sixty days from the passage of the first train of cars over the line of said road through said county. If said railroad is not completed on the line aforesaid, and within the time aforesaid, then this note to be void.

April 8, 1874.            HENDERSON & HENDERSON."

An appeal was prosecuted to the circuit court, and the defense interposed was, that the road was not built, equipped, and running from Danville, by the way of Robinson, to the south line of Crawford county within the time specified. The jury, under proper instructions from the court, found for defendants, and, after overruling a motion for a new trial, the court rendered judgment in bar of the action, and the company appeals.

On the part of appellant it was shown, that on the 30th day
of December, 1875, the company ran an engine and tender,
one passenger coach and one or two flat cars from Robinson to
Vincennes, Indiana, which passed over the portion of the road
named in Crawford county; that after June, 1875, passenger
and freight trains ran regularly between Danville and Robin-
son, and from about the first of August of that year a freight
train and caboose ran twice a week south of Robinson to Flat
Rock, three miles north of the south line of Crawford county,
and sometimes to within one mile of that line of the county,
but regular trains were not run through to Vincennes until in
the spring of 1876; that there were heavy floods in the
winter and spring of 1876, which damaged the road; that the
road was as well built and furnished as new roads usually are;
that places on the road were what is called half tied.

It also appears, the county judge, on passing over the road,
on the 30th of December, 1875, determined to and did issue
the bonds of the county, voted on similar conditions.   Joseph
Thompson, a supervisor of a township through which the road
was built, and which had subscribed for stock of the road on
similar terms, on being threatened with a suit, issued township
bonds on the work that had been done prior to the 30th day
of December, 1875, but in his testimony, on the trial below,
he concurs with others that the road was not finished, equipped
and running at the time he issued the bonds.

On the other hand, a number of witnesses testify that the
road was not built, equipped and running regular trains be-
fore the first day of January, 1876, on the road to the south
line of Crawford county; that there were several places where
the road was only half tied,—the company were putting in
ties during the summer of 1876, when the road was surfaced;
that trains did not make regular trips south of Robinson until
about the first of May of that year,—in places the ties were
hanging by the rails and the rails were bent; that no trains ran
to the south line of the county until after the first of January,
1876, except the train on the 30th of December, previously.   The

question whether the road was built, equipped and running between the points named, was one of fact for determination by the jury.

Nor can we say, on the evidence before them, that they found incorrectly. The evidence tended strongly to require the conclusion reached. At any rate, we can not say that it does not sustain the finding. The witnesses for the defense lived near the road, and had equal means of information with the witnesses on the part of appellant.

By the instructions, the court gave the proper construction to the written instrument. As to the evidence denying the execution of the note by one partner, or that it was not given in the usual course of business of the firm, it was excluded by instruction, and could have produced no injury to appellant. It may have been immaterial whether or not the road was in the hands of a receiver, but it could, in nowise, influence the finding of the jury, and we will not reverse because immaterial evidence has been admitted, unless we can see that it may have prejudiced the jury in their finding.

The true construction of the terms of the instrument required that the road be built, and not partly built—a road completed, and not partially constructed. It required a finished road adapted to and capable of being used for the purpose of its construction, and not one incomplete and unfit for use. A house or a bridge is not built until it is finished. A contractor to erect such a structure could not sue and recover if the house was not plastered or the bridge not floored. This would be obvious to all persons, and a railroad is not built until it is so far completed that it may be safely and conveniently used as a railroad, and it is not, nor can it be said to be, equipped until it has the necessary engines, cars and other appliances for its ordinary use. If, as counsel for appellant say, it can never be completely equipped, it should at least be equipped as such roads usually are. That much is at least required by the term "equipped," and to be running requires more than the passage of one train over a road. It would be a perversion of

terms to say a road was being run when but one train had passed over it, and perhaps that at the peril of the lives of all persons thereon. The company, it seems to us, can not, with any plausibility, contend that the court should have instructed the jury that it was running the road within the meaning of the written instrument, because they had passed one train over it, and, it may be, when the road was in an unfinished and unsafe condition.

We perceive no error in the instructions, and the evidence warranted the finding, and the judgment of the court below must be affirmed.

*Judgment affirmed.*