The Grayville and Mattoon Railroad Co.

*v.*

Samuel D. Burns.

1. Money had and received. In order to recover upon a count for money had and received, it must be shown that the defendant has received money for the use of the plaintiff.

2. Evidence—*declarations of directors of a corporation.* It is not competent to show by the parol declarations of the individual directors of a corporation for what specific purpose a fund reserved in a contract made by the corporation was to be used. Such fund can be appropriated by the board of directors only.

Writ of Error to the Circuit Court of Richland county; the Hon. James C. Allen, Judge, presiding.

This was an action of assumpsit, brought in the court below by Burns, against the railroad company. Upon trial there was a verdict and judgment in favor of the plaintiff. The defendant thereupon sued out this writ of error.

Messrs. Wilson & Hutchinson, Mr. John M. Wilson, and Mr. R. P. Hanna, for the plaintiff in error.

Mr. B. B. Smith, and Mr. J. P. Robinson, for the defendant in error.

Mr. Justice Scott delivered the opinion of the Court:

The declaration in this case contained a special count, to which a demurrer was sustained, and the common counts, to which was pleaded the general issue, and the Statute of Limitations that the cause of action did not accrue within five years, upon both of which pleas issue was joined. The action was brought to recover from the company the amount of the indebtedness of R. B. Davis & Co. to plaintiff, and on the trial plaintiff recovered a judgment for the full amount of such indebtedness. It is clear, if plaintiff can recover at all in this action, it must be on the ground the railroad company has in its possession money for the use of plaintiff. No valid promise on the part of defendant is alleged or proven to pay the indebtedness of Davis & Co. to plaintiff, nor is it proven the company has received any money for the use of plaintiff.

The material facts necessary to a full understanding of the claim of plaintiff, upon which he bases his right to recover, may be briefly stated: One Robert McCabe contracted with defendant to construct its railroad, and he sublet a part of the work to R. B. Davis & Co. While engaged in prosecuting the work on the road, Davis & Co. purchased supplies from the firm of which plaintiff was a member, and gave the firm their note for the same, which note was by the firm assigned to plaintiff, and constitutes by far the largest portion of plaintiff's claim for which the action is brought against the company. The residue of plaintiff's claim consists of money plaintiff paid as security for Davis & Co., and for the amount due him on "time tickets" issued by Davis & Co. to laborers and others employed by them, and which plaintiff bought of the several holders. McCabe failed and was unable to comply with his contract, or complete the work, and it was on that account Davis & Co. were unable to pay for the supplies purchased, and other debts contracted.

Afterwards the company re-let the work of constructing the railroad to other parties. In the first contract made, the new

contractor agreed to pay the indebtedness contracted by McCabe and his sub-contractors, which agreement included the amount due from Davis & Co. to plaintiff. But the contractors failed to do the work or pay the indebtedness of McCabe and his sub-contractors. The work of constructing the road was thereafter let once or twice, with no better success.

At length a contract was made with Robert Ferran & Co. to complete the road for the company, for which they were to receive the bonds voted by the several counties and other municipalities through which the road was to pass. This contract was afterwards assigned to the "Southern Construction Company," and that company, under this contract, completed a part of the road.

In the contract with Ferran & Co. the company reserved five per cent of the bonds voted by the counties and other municipalities, but for what purpose it is not expressed in the agreement. It is out of this fund so reserved that plaintiff seeks to have his claim paid. There are two reasons why we think this can not be done, at least in the present action.

First, only a portion of the bonds voted have been issued. No per cent of the bonds issued have come to the hands of the company, but the entire amount issued have been delivered to the Construction Company. So that in point of fact the railroad company has received no money from that source for the use of any one, or for any purpose.

But a second and more fatal objection is, that it is not provided, in the contract for the construction of the road, the five per cent of the municipal bonds reserved was for the payment of plaintiff's claim, or for any other specific purpose. It is apprehended it is not competent to show by the parol declarations of the individual directors for what specific purpose the funds reserved in the contract were to be used. That fund, when it comes to the possession of the company, can only be appropriated by the action of the board of directors, and it is not claimed that board ever made any appropriation for the payment of plaintiff's claim. On the contrary, when

the board of directors took. official action in regard to the indebtedness incurred by McCabe and sub-contractors, it disclaimed being under any legal or moral obligation to pay any portion of such indebtedness.

There is very great conflict in the evidence, but there can be no doubt a number of the directors of the railroad company, when approached on the subject, assured the holders of the McCabe indebtedness they would be paid, and it may be they expected they would be paid out of the fund reserved in the construction contract. At most, such assurances were mere expressions of opinion, and created no legal liability on the railroad company. All of the directors whose testimony has been taken, distinctly state they had no authority to bind the company in that way, and never undertook to do so. It was natural they should desire to see the creditors of the several contractors on the road paid, and they may have expressed the hope or belief they would be paid, but that was all they intended to do.

The verdict is clearly and manifestly against the weight of the evidence,—so much so that the judgment must be reversed and the cause remanded.

*Judgment reversed.*