Citizens Gaslight and Heating Co. v. Granger.

---

## CITIZENS GASLIGHT AND HEATING CO.
### v.
## A. O. GRANGER.

1. DECLARATIONS OF AGENT.—The declaration of an agent of a corporation is admissible in evidence against the company only when it forms a part of the *res gestæ* of some business transacted by him for his principal within the scope of his authority.

2. OBJECTION TOO LATE.—The objection that assumpsit will not lie upon the case made by plaintiffs, comes too late in this court.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed February 25, 1886.

Messrs. KERRICK, LUCAS & SPENCER, for appellant.

Mr. A. E. DeMANGE and Mr. J. E. POLLOCK, for appellee.

WALL, P. J. This was assumpsit for the value of certain machinery and apparatus and the expense of placing the same, brought by appellees against the appellant. There was

a trial by jury, verdict for plaintiff for $1,215.18 and judgment accordingly, a motion for new trial having been overruled.

There is no dispute that the machinery was furnished and the work done by appellees and that the benefit thereof was received and appropriated by appellant, but the question was whether the former was entitled to compensation therefor. The appellant is a corporation manufacturing gas, and the appellees, who are engaged in the business of making the apparatus used in the manufacture of gas by appellant, had furnished a set of apparatus consisting of generator, condenser, pipes, etc. A fire occurred destroying the works and the machinery now involved was furnished to replace that so destroyed. The appellees insist that upon the representation of appellant through C. D. Hauk, its secretary, that the fire was caused by the bursting of the pipe from the small oil tank to the generator, they agreed to replace the machinery without charge; but that they learned afterward that the pipe did not burst, and that the fire was not so caused. Appellant insists that no such representations were made and that the appellees can not recover. But two points are presented by the brief of appellant, first, that the court erred in permitting proof of the statements of Parrott, superintendent of the works of appellant; second, that assumpsit will not lie upon the case made by plaintiffs.

As to the first: The court allowed proof that Parrott admitted that the pipe did not burst. The statement was made to Lowell, who was an agent of appellees, when he was about putting in the new machinery and when he and Parrott were together examining the condition of the old works, and it was afterward made in Boston to one of the appellees. Both statements were made after the fire, and while, perhaps, the former might be held admissible because made in the course of a transaction pertaining to his duties, yet it is not clearly so, and the latter statement would seem to be incompetent. The well settled rule is that the declaration of an agent of a corporation is admissible in evidence against the company only when it forms a part of the *res gestœ* of some business transacted by him for his principal within the scope

Citizens Gaslig t and Heating Co. v. Granger.

of his authority: Angell & Ames on Corporations, Sec. 309 ; 1 Gr. on Ev., Secs. 113, 114 ; G. & M. R. R. Co. v. Burns, 92 Ill. 302 ; L. C. M. Co. v. McNally, 15 Bradwell, 181.

When the statement is a part of the *res gestœ*, it is in the nature of original evidence and not of hearsay, the representation being in such cases the ultimate fact to be proved and not an admission of some other fact. But when made after the happening of the fact, and not in the transaction of any business of the principal involved by the issue on trial, it is mere hearsay and incompetent.

It is important then to inquire whether the error in admitting this testimony worked any substantial injury to appellant. The admission was that the pipe did not burst. From a careful reading of the testimony we are satisfied that had this admission been excluded the result would have been the same. It is not contended seriously, indeed we may say it is not contended at all, that the pipe did burst. Parrott, who testified contradicting Granger flatly, and Lowell partially, as to what he told them, does not say so, and it is a necessary inference from his evidence, that it did not. Leaving out of consideration entirely all that Granger and Lowell say as to Parrott's admission, the conclusion is perfectly plain that the fire did not occur from that cause. If this be so the evidence did no harm and the error in allowing it should not work a reversal. Teutonia L. I. Co. v. Beck, 74 Ill. 165 ; Trogden v. Murphy, 85 Ill. 119 ; P. & D. R. R. Co. v. Henderson, 89 Ill. 86 ; C. & I. R. R. Co. v. Russell, 91 Ill. 298 ; Albin v. Kinney, 96 Ill. 214 ; Kirby v. Wilson, 98 Ill. 240.

As to the second point: The case was tried without objection in this respect. No suggestion was made anywhere through the trial that the form of action was misconceived. Evidence was offered on both sides and instructions asked and given on both sides just as though the action was properly conceived. If appellant thought it was not, objection should have been interposed, and under Sec. 24 of the Practice Act, any necessary amendment could have been made, and the objection obviated.

According to numerous decisions it is too late to make the

point now. Parker v. Tiffany, 52 Ill. 286 ; K. & I. R. R. Co.. v. Chester, 62 Ill. 235 ; R., R. I. & St. L. R. R. Co. v. Becke-meir, 72 Ill. 267; Brannan v. Strauss, 75 Ill. 234.

No other objection being urged the judgment is affirmed.

Affirmed.