Dickinson v. Griggsville Nat. Bank.

111    183
a209s 350

# Ferdinand W. Dickinson v. The Griggsville Nat'l Bank, et al.

1. LIFE ESTATES—*right to create, in personalty.* A life estate in personal property may be created by will and the *res* placed beyond the reach of creditors of the legatee.

2. LIFE ESTATES—*where coupled with power of disposition.* Where a power to dispose of a life estate is given by the will creating it, such power is only co-extensive with the interest of the donee unless the contrary appears.

3. PURCHASER WITH NOTICE—*rights of.* A purchaser of personal property from a life tenant holding the same takes only the interest which such life tenant had a right to convey, where such purchaser had notice of the extent of the rights of his vendor in the property conveyed.

4. LACHES—*when doctrine of, applies.* The defense of *laches* is appli-

cable only when a person has delayed so long after his right attaches before asserting his claim as to raise a presumption of abandonment.

5. LIMITATIONS—*running of statute of.* The statute of limitations does not begin to run against a reversioner until the expiration of the intermediate estate.

6. BILL OF INTERPLEADER—*right to maintain.* A bill of interpleader lies where a bank has stock in its possession in which it claims no interest and which is claimed by several different persons, all of whom are threatening the bank with litigation.

7. BILL OF INTERPLEADER—*costs of.* The party who has wrongfully asserted claims to the subject-matter of a bill of interpleader, is properly taxed with the costs thereof.

8. RATIFICATION—*construction of.* Where a remainder-man has, subsequent to the sale of the *corpus* of a life estate, signed a writing in which it is stated that such sale is approved, such approval extends only to such a sale as the life tenant had a right to make.

Bill of interpleader. Appeal from the Circuit Court of Pike County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed November 9, 1903.

EDWARD DOOCY, for appellant.

R. N. ANDERSON, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Justin Dickinson departed this life, testate, in Pike county, Illinois, June 20, 1885. He left surviving him, as his only heirs, his widow, Betsey E. Dickinson, and their children, Ferdinand W. Dickinson, the appellant, Samuel W. Dickinson and Myra B. Cushing, two of the appellees. His will was admitted to probate in Pike county and letters testamentary were issued to Thomas Turnbull.

The will gave the widow of decedent a life estate in one-third of the personal property, with remainder therein to his three children in equal shares.

Among the property left were eight shares of the capital stock of the Griggsville National Bank. In the course of the administration of the estate, this stock was turned over to the widow at an estimated or agreed value of one hundred seventy-five dollars per share as a part of the property in which she had a life estate. The widow died December

15, 1900. On the 10th day of August, 1888, she pretended to sell this stock to her son Ferdinand W. Dickinson, the appellant, who had notice of the extent of the interest of his mother therein.

The stock being in the possession of the bank at the time of the death of Betsey L. Dickinson, and appellant and appellees Samuel W. Dickinson and Myra B. Cushing asserting conflicting claims to it, the bank filed this bill of interpleader in the Circuit Court, making all persons claiming an interest parties. Upon the hearing, the court found and decreed that Myra B. Cushing, Samuel W. Dickinson and Ferdinand W. Dickinson were each entitled to one-third of the stock, that the bank was entitled to be discharged and that Ferdinand W. Dickinson should pay the costs.

Ferdinand W. Dickinson prosecuted this appeal and contends that the decree should be reversed because the record shows he was the owner of all the stock, because the appellees Myra B. Cushing and Samuel W. Dickinson were guilty of laches in asserting their claim, because it is not a proper case for a bill of interpleader, and because the costs were improperly taxed against him.

A life estate in personal property, with a remainder over, may be created by a will. In such case, on the death of the tenant for life, the property so bequeathed remaining must be distributed, under the will, to the remainder-men; and such an estate can be created by will and placed beyond the reach of creditors of the legatee. Trogen v. Murphy, 85 Ill. 119; Walds v. Cummings, 45 Ill. 221; Buckingham v. Morrison, 136 Ill. 437. And where the power of disposal of a life estate is given, the power is only co-extensive with the estate which the devisee takes under the will, and means only such disposal as a tenant for life could make. In re estate of Cashman, 134 Ill. 88; Welsh v. Belleville Bank, 94 Ill. 206; Henderson v. Blackburn, 104 Ill. 227; Kurfman v. Breckenridge, 117 Ill. 313. Under the law applicable to the facts that Betsey E. Dickinson had a life estate only in the stock and that Ferdinand W. Dickinson knew

that her rights were thus limited when he purchased the stock from her, the chancellor properly found that, by the purchase, he acquired no interest in the stock which extended beyond the life of his mother.

There is no merit in the contention that Myra B. Cushing and Samuel W. Dickinson were guilty of laches in asserting their claim. The contention is predicated upon the argument that they should have acted within a reasonable length of time after August 10, 1888, the date of the sale of the stock from their mother to appellant. The defense of laches applies only when a party has delayed so long, after his right attaches, in asserting his claim that he is presumed to have abandoned his rights. Carpenter v. Carpenter, 70 Ill. 157. The statute of limitations does not run against a reversioner until after the expiration of the intermediate estate. Myra B. Cushing and Samuel W. Dickinson had no interest in the stock, which they could assert during the life of their mother, who had a perfect right to sell her life estate therein, but nothing more. That is all she did sell. There was nothing for them to do until their rights accrued upon her death. They then demanded their rights in apt time to prevent them being barred by laches.

The record shows that the bank had the stock in its possession at the time of the death of Betsey E. Dickinson; that Ferdinand W. Dickinson then claimed it all by right of purchase from his mother; that Myra B. Cushing and Samuel W. Dickinson were each claiming one-third thereof under the will of decedent; that all of said parties were threatening the bank with litigation to establish their respective claims; that the bank claimed no interest in the stock and was willing to deliver it to the parties entitled to it. Under such a state of facts, it was the right of the bank to bring a bill of interpleader.

It appears that on October 12, 1898, Myra B. Cushing signed and delivered a paper to appellant stating that she approved the sale of the stock made by her mother to him. This was about ten years after the purchase of the stock, and nearly two years prior to the death of their mother.

It is contended by appellant that the instrument barred the claim of Myra B. Cushing asserted in this proceeding. Its only effect was to approve the sale made, which was the life interest of her mother. It in no wise related to what was not sold, viz., the remainder after the expiration of the life estate.

The decree properly found that Ferdinand W. Dickinson, appellant, Myra B. Cushing and Samuel W. Dickinson, appellees, were each entitled to a one-third interest in the stock at the date of the death of their mother, Betsey E. Dickinson, and the accrued dividends thereafter, and that the appellant, who asserted an unfounded claim to the whole, should pay the costs of the trial court, and will be affirmed.

*Affirmed.*