ISAAC STURDIVANT *versus* JOHN U. SMITH & *als.*

A defendant pleaded in abatement that two others should have been joined with him; whereupon the plaintiff, without making any replication, summoned in the two persons named in the plea; the three defendants then pleaded in abatement, which resulted in an issue in law, the first defendant still insisting upon his former plea; *held*, that said first plea was of no effect.

Though a plea in abatement is bad, yet if there be no issue upon it, the rule, that judgment should be rendered against the party who has committed the first fault, cannot be applied.

A plea in abatement, that the plaintiff and defendants were part owners of a vessel, and that one of the defendants was the administrator of W. S. deceased, who also was a part owner of the vessel, is not bad for duplicity.

One of four owners of a vessel, cannot maintain an action of assumpsit for the use and charter of it, against the other three jointly.

ASSUMPSIT.    It was originally brought against *John U. Smith,* for the use or charter of one fourth part of a brig. He put in the following plea : — "And now the said John U. Smith comes, &c., when, &c., and prays judgment of the writ and declaration aforesaid, because he says that, at the time of making the said supposed promise to the plaintiff, one Joseph E. F. Cushman and one Greeley Sturdivant, were jointly concerned with this defendant in the said supposed chartering therein set forth, and that such promise, if any, was only made by this defendant, together with the said Cushman and Greeley Sturdivant, who are still living, viz. at said Cumberland, and ought to have been named and joined as parties in said suit, and that the same ought not to be prosecuted," &c.

The plaintiff put in no replication, but summoned in *Cushman* and *Sturdivant* according to the provision of the R. S.

At the next term, the defendants filed the following plea : — "And now at this term, the said plaintiff having undertaken to amend his writ by making a new declaration and inserting the names of Joseph E. F. Cushman and Greeley Sturdivant, as co-defendants with said John U. Smith as surviving owners of the brig Vincennes, and setting forth other cause of action against them as such, for charter of one quarter of said brig; the said Joseph E. F. Cushman and Greeley Sturdivant, come,

&c. and with the said John U. Smith, who does not waive, but saves his plea filed at the former term, at which this action against him was entered, they pray judgment of the said writ and declaration, and pray that the same may be abated, because they say, that at the time of making the said supposed promise in the plaintiff's writ and declaration mentioned, the said Isaac Sturdivant was co-owner of said brig of the one-fourth part, as he has set forth, together with the said John U. Smith and Greeley Sturdivant, who was also administrator of William Sturdivant, deceased, part owner of said vessel and Joseph E. F. Cushman, and that the said suit cannot be so prosecuted by said Isaac Sturdivant, as one part owner, against them the said John U. Smith, Greeley Sturdivant and Joseph E. F. Cushman jointly, and this," &c.

To this plea the plaintiff filed this replication. " And now the plaintiff says, that his writ ought not to be abated ; because he says, that said Smith, Cushman and Greeley Sturdivant at the time of making the promise declared on and at the several times particularly set forth and described in the plaintiff's writ, were owners of and interested in certain parts of the brig Vincennes aforesaid, and at the times aforesaid, took and exercised the sole control of the said brig, and navigated and employed the said brig, and took and appropriated to their own use, the whole of the proceeds of said brig, and the whole of the profits and proceeds of the use and charter of said brig, during the times aforesaid, and the plaintiff says, that at the times aforesaid, he was the owner of one-fourth part of said brig, and was entitled to have and recover of the defendants, one-fourth part of the reasonable profits and proceeds of the charter of said brig, and one-fourth part of what the use of said brig was reasonably worth for the space of time aforesaid," &c.

The defendants rejoin that they, with said William, though without the consent of the plaintiff, repaired the brig and sent her to sea ; that the expenses, repairs and dockage much exceeded the earnings of the voyage.

The plaintiff surrejoins that the earnings of the voyage were

not appropriated to pay any expenses, repairs or dockage, for which he was in any part accountable.

To the surrejoinder the defendants demur generally.

*C. S. & E. H. Davies*, for defendants, maintained the following positions.

1. That the action cannot be maintained by one part owner against three others jointly. *Fanning* v. *Chadwick*, 3 Pick. 423 ; Story on Partnership, § 449 ; Abbott on Shipping, page 113.

2. The defendants, being a majority of the part owners, in possession of the vessel, and making necessary repairs, have a right to appropriate the first earnings to pay for the repairs. Story on Partnership, § 442 and note ; § 443 ; § 444 and note; Abbott on Shipping, page 113.

*G. F. Shepley*, for plaintiff.

1. The plaintiff's surrejoinder is good.

2. Defendant, Smith, is estopped by his first plea from denying the *joint liability* of the defendants.

3. The rejoinder of the defendants admits the *joint liability* although it sets up a several ownership.

4. Upon a demurrer, the Court will go back to the first error in pleading. 1 Chitty's Pleading, 580.

The defendants' second plea sets up both a joint and a several interest, at least so far as Smith is concerned ; he insisting, in the second plea, upon the first plea and not waiving it.

The rejoinder is bad for duplicity. It avers two separate and distinct matters of defence.

It first sets up that they were owners in several proportions ; and then that they took the joint control, but are not liable because the amount received, has all been expended. 1 Chitty's Pleading, 456.

The opinion of the Court, (Howard, J. having been of counsel in this case, and taking no part in the decision,) was delivered by

Shepley, C. J. — The plaintiff appears to have commenced an action of assumpsit against Smith to recover for the use or

charter of one fourth part of the brig Vincennes. To this
action Smith pleaded in abatement, that two other persons
named were jointly concerned with him in the supposed char-
ter and promise. The plaintiff appears to have submitted to
this plea without making any replication, and to have, under
the provisions of the statute, summoned those two persons to
appear and answer as parties defendant.

At the first term after they appeared, the three defendants,
Smith still insisting upon his former plea, pleaded in abate-
ment. A replication, a rejoinder and a surrejoinder, were put
in, and to the latter there was a demurrer.

There having been no replication to the plea made by
Smith alone, it does not compose any part of the pleadings,
which were closed by an issue of law.

When insisted upon, after the other persons had become
parties defendant, it was clearly bad, for it only alleged a
joint promise with the other defendants without alleging, that
the defendants were part owners of the vessel or tenants in
common with the plaintiff. It was quite erroneous to insist
upon it as a plea after that time. Yet the rule, that judgment
should be rendered against the party who has committed the
first fault, cannot be applied, for, as before observed, there is
no issue upon it. The attempt of Smith to insist upon and
to keep it alive after it was *functus officio,* can have no effect,
but to exhibit it as an excrescence of the pleadings. The
counsel for the plaintiff insists, that Smith is estopped by it
to deny the joint liability of the defendants. If it could be
regarded as part of the pleadings presented for decision by the
issue, there might be occasion to consider the position. Pre-
sented only as it has been, it can have no effect.

The plea of the three defendants, instead of making a dis-
tinct statement that they were part owners of the vessel with
the plaintiff, and were joint tenants or tenants in common with
him, alleges that the plaintiff " was co-owner of said brig of the
one fourth part, as he has set forth, together with the said John
U. Smith and Greeley Sturdivant, who was also administrator
of William Sturdivant, deceased, part owner of said vessel,

and Joseph E. F. Cushman." These allegations, omitting those having reference to the interest of the deceased person, are that the plaintiff was the owner of one fourth part " together with the said John U. Smith and Greeley Sturdivant, and Joseph E. F. Cushman," or in other words, that the plaintiff and defendants were the owners of a fourth part of the vessel. Amalgamated with these allegations is one, that one of the defendants was the administrator of William Sturdivant, deceased, who was a part owner of the vessel. This might have been true without having the least influence upon the plaintiff's right to maintain the action. It does not however make the plea bad for duplicity. The plea presents the question, whether one of four owners of a vessel can maintain an action of assumpsit against the other three to recover for the use or charter of it; and it is quite clear that he cannot.

The replication in substance admits, that the defendants were at the time owners of certain parts of the vessel, and it alleges, that they exercised the sole control of her and appropriated the whole of the proceeds of the use and charter of her to their own use, and that the plaintiff was the owner of one fourth part of her.

This replication does not exhibit a state of facts, upon which this action can be maintained. The plea therefore must be adjudged to be good and the replication bad.

*Judgment that the writ be abated.*