## LIVINGSTON COMPTON

### v.

## WILLIAM PAYNE.

IMPLIED CONTRACT—*arises only in absence of express contract.* Where work and labor is done under an express contract, a suit to recover for the same must be between the parties to the contract, and a third person, though benefited by it, can not be sued upon an implied assumpsit.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Messrs. MARSH & MAYO, for the appellant.

Messrs. ROUNTREE & McHUGH, and Mr. CHARLES BLANCHARD, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was assumpsit, upon the common counts, brought in the Cook circuit court, by William Payne, against Livingston Compton, to recover for work and labor upon an implied undertaking.

Issue having been joined upon the plea of non-assumpsit, on trial by jury, there was a verdict for the plaintiff, on which the court, overruling defendant's motion for a new trial, gave judgment. The evidence and exceptions upon the trial having been preserved by bill of exceptions, the defendant brings the case here by appeal.

From the evidence, it appears that the recovery was based upon an implied assumpsit, arising upon a supposed benefit of the work and labor to the defendant, while it also appears, by the clear weight and preponderance of the evidence, that the work and labor sued for were done and performed under a special written contract, under seal, between one Reuben H. Compton of the one part, and the plaintiff and John Payne of the other part.

In *Walker* v. *Brown*, 28 Ill. 378, which was such a case, it was held that where work is done under a special contract, the suit must be between the parties to the contract, and that third persons, though benefited by the work done, can not be sued upon an implied assumpsit; that an implied undertaking can not arise as against one benefited by the work, when such work was done under a special contract with other persons.

It follows that the action in this case is misconceived, and the judgment of the court below must be reversed.

*Judgment reversed.*