Morrison v. Jones.

WILLIAM J. MORRISON

v.

J. BLACKBURN JONES.

IMPLIED CONTRACT.—A person may accept the services of another without incurring any implied liability to pay for the same, because at the outset he may know that the service is rendered because of an employment by some other person, with which he has nothing to do, and but for such knowl-

edge, the services would not have been received. The law raises the implication to pay when there is no express employment by another, and where there is evidence of such express employment an instruction upon the implied liability to pay, which does not include the other element of express employment, is erroneous,

ERROR to the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 2, 1880.

Messrs. W. & E. L. STOKER, for plaintiff in error; that the burden is upon him who affirms a material fact, to prove it, cited Hinman v. Pope, 1 Gilm. 131; Union Nat. Bank v. Baldenwick, 45 Ill. 375; Martin v. Brewster, 49 Ill. 306.

Instructions should be based on evidence: Gibson v. Webster, 44 Ill. 483; Harmit v. Thompson, 46 Ill. 460; Bullock v. Narrott, 49 Ill. 62; Bailey v. Godfrey, 54 Ill. 507.

Messrs. JOHNSON & HORNER, for defendant in error; as to an implied promise, cited Chitty on Contracts, 23; Walker v. Brown, 28 Ill. 378.

CASEY, J. This was an action of assumpsit instituted by the defendant against the plaintiff in error in the Randolph Circuit Court. The declaration contained two counts for services rendered as an attorney-at-law. The plea filed was *non assumpsit*, upon which issue was joined. The cause was submitted to a jury. Verdict for defendant in error for the sum of $150. A motion for a new trial was entered and refused by the court. Judgment on the verdict for the said sum of $150 and costs. The case is brought to this court by a writ of error, and the errors assigned are in substance:

1. The court erred in refusing the motion for a new trial.

2. The court erred in giving the first and second instructions for plaintiff below, there not being evidence to sustain the principle of law embodied in said instructions.

3. Because there was no evidence to support the verdict, and that the verdict was manifestly against the weight of evidence.

The first and second instructions given by the court at the request of the defendant in error are as follows:

"The law is that if a man accepts the services of another, and receives benefit from the same, then he is bound in law to pay for those services, whatever those services are proven to be actually worth; and in this case, if you believe from the evidence that defendant actually received the services of plaintiff in a suit then pending in court, and accepted them and received benefit from said services, then, unless you further believe from the evidence that Jones especially agreed to look to some other person interested in the suit, and not to look to defendant for payment, your verdict should be for plaintiff, and you should assess the damages at whatever the evidence shows they are worth. The court instructs the jury, if you believe from the evidence that there was an injunction suit begun and prosecuted by W. J. Morrison v. W. L. Cohen, and that in this action the plaintiff appeared in said cause as solicitor or attorney for Morrison, at the instance and request of defendant, expressed or implied, and did faithfully perform his duty in said cause, and that said Morrison, complainant in said injunction case, accepted the services of plaintiff in that case, then, in that case, your verdict should be for plaintiff, and you should assess his damages at whatever the evidence has shown you these services were actually worth, unless you believe from the evidence that said Jones expressly agreed with Samuel Morrison that he would look to him for payment for services rendered."

The evidence is very conflicting. It would seem that the weight of the evidence is with the plaintiff in error; but inasmuch as the jury see and hear the witnesses testify, and can therefore better judge of the credibility that the witnesses are entitled to, courts reluctantly set aside the verdict of a jury where the question at issue is a matter of fact. While, therefore, as has been stated, the weight of the testimony seems to be with plaintiff in error, yet we can not say that for that reason we would reverse the judgment of the circuit-court. It is now well established doctrine that where the evidence is conflicting as to the controverted facts and issues, it is essential that the instructions should be precisely accurate. In this action the defendant in error relied for a recovery upon an implied agreement upon the part of plaintiff

in error to pay him for his services. The plaintiff in error denied any liability by implication or otherwise. The testimony tends very strongly to show an express employment of defendant in error by Samuel Morrison, with which employment the plaintiff in error had nothing whatever to do.

The first part of the first instruction expresses the law governing implied contracts, and would be applicable and appropriate in a case where there was no evidence of an express agreement or contract. It was not applicable to the case under consideration. The instruction entirely ignored the testimony as to an express employment by Samuel Morrison, and from it, no doubt, the jury arrived at the conclusion, that inasmuch as the service had been rendered for the plaintiff in error, without objection on his part, in a suit to which he was a party, that he should pay the defendant in error without regard to any express agreement the testimony may have shown to be made with any other person by the defendant in error.

A person may accept and receive the service of another without incurring any implied liability, or ever expecting to pay for such service, because at the very time of receiving such service he may know that the service is rendered because of an employment by some other person, with which he has nothing to do, and but for such knowledge the services would not have been received. The law, in other words, raises the implication to pay, when there is no distinct or express employment by the person for whom the service is rendered, or any other person. The latter part of the instruction does not relieve it from the objection already made. The jury were told that " unless Jones specially agreed to look to some other person interested in the suit and not to look to defendant for payment, their verdict should be for the plaintiff," etc.

If the defendant in error appeared as an attorney in the case at the instance and employment of some other person than the plaintiff in error, it would be quite immaterial whether the person so employing defendant was interested in the result of the suit or not, the defendant could not claim an implied agreement on the part of plaintiff in error to pay for his service. In such a case it would be immaterial who, if any one, the de-

fendant "specially agreed" to look to for payment for his services. If he appeared there, and performed the service as alleged, at the special instance and request of any person other than the plaintiff in error, that precludes the idea of an implied liability on the part of plaintiff in error, and in such case the fact that the services were accepted could not create the liability, and the fact that the defendant in error did not specially agree to look to the person who employed him, for pay for his services, would not affect the plaintiff in error unless that employment was at his instance and request.

The testimony shows that the plaintiff in error had employed Michan as his attorney, with whose services he was content. He had confidence in the ability of his attorney to take charge of and manage the suit, and had no intention of employing other counsel. All this was substantially taken from the consideration of the jury by the first instruction. An instruction must not only clearly, in plain language, state the law, but it must also be based on the evidence. Hamilton v. Hunt, 14 Ill. 473; Hamilton v. Singer Mfg. Co. 54 Ill. 370; Piner v. Cover, 55 Ill. 391. An instruction containing an abstract principle of law, however correct as a legal proposition it may be, given without regard to the evidence, may and often is calculated to mislead the jury, and so we think in this case the jury must have been misled by the first instruction. The second instruction, although not as objectionable as the first, has to some extent the same objections to it, and it was calculated to mislead the jury. It ignores the testimony for the defense, and in conclusion virtually states the law to be, that although the defendant in error was employed by Samuel Morrison, unless he also expressly agreed to look to him for payment for his services, they should find for the defendant in error. If the defendant in error appeared in the case as an attorney at the solicitation or request of Samuel Morrison, and plaintiff in error did not cause that request to be made, nor accept the said services expecting to pay for the same, then the defendant in error could not recover for his services from any one but his employer, whether he had specially agreed to look to him for payment or not. A learned judge has said: "As in physics

two solid bodies can not occupy the same space at the same time, so in law and common sense there cannot be an express and an implied contract for the same thing existing at the same time. This is an axiomatic truth. It is only when parties do not expressly agree that the law interposes and raises a promise." Walker v. Brown, et al. 28 Ill. 383.

In the same case it is said: parties are bound by their agreement, and therefore there is no ground for implying a promise when there is an express contract, and it can make no difference whether the contract is made by the parties themselves or others for them. The contract must be sued on. The law as declared in Chitty on Contracts, page 89, is that promises in law exist only in the absence of express promises; *expressum facit cessare tacitum.* Cutler, Admr. v. Powell, 6 Term Rep. 324; Whitney v. Sullivan, 7 Mass, 109; Robertson v. Lynch, 18 Johns, 456; Miller v. Watson, 4 Wend. 275; Shephard v. Palmer, 6 Conn. 100; Christy v. Price, 7 Missouri, 433; Hulle v. Heightman, 2 East. 145. In the case of Cutler, Admr. v. Powell, *supra,* Lord Kenyon, C. J., said, " That when parties have come to an express contract none can be implied has prevailed, so long as to be reduced to an axiom in the law." When work and labor is done under an express contract, a suit to recover for the same must be between the parties to the contract, and a third person, though benefited by it, cannot be sued upon an implied assumpsit. Compton v. Payne, 69 Ill. 354. So in the case under consideration, the plaintiff in error had a right to show that the services rendered by defendant in error were because of an express contract made by him with Samuel Morrison, and although he was benefited by the services of the defendant in error, and accepted the services without objection, he could not be held liable by implication—nor express contract preclude the possibility of an implied contract. For these reasons the judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.