ELIZABETH A. CURRY vs. LASELL SEMINARY COMPANY.

Middlesex.   January 19, 1897. — February 25, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Action — Construction of Contract under which Pupil was placed in Boarding School.*

If B. refuses to allow A.'s daughter to remain longer in B.'s boarding school unless A. will accept B.'s construction of the contract under which A. placed her daughter as a pupil in the school, which construction is correct, that the officers of the school have absolute discretion to determine when a pupil shall be permitted to be absent, and A. refuses to accept this construction and takes her daughter away, she cannot maintain an action against B. to recover the money which she has advanced for a half year's board and tuition.

CONTRACT, to recover damages for an alleged breach of an agreement to furnish board and tuition to the daughter of the plaintiff. Trial in the Superior Court, before *Blodgett*, J., who, at the close of the evidence offered by the plaintiff, directed a verdict for the defendant; and the plaintiff alleged exceptions, the nature of which appears in the opinion.

*A. H. Russell*, for the plaintiff.

*C. B. Barnes, Jr.*, for the defendant.

KNOWLTON, J.   The plaintiff placed her daughter as a pupil in the boarding school of the defendant corporation, under a contract to leave her there to be boarded, instructed, and cared for through the school year.   At the end of six weeks, on Saturday, the plaintiff asked that her daughter be permitted to spend the following Sunday and Monday with her, away from the school. Up to this time the daughter had already been allowed on application to the preceptress, to spend three Sundays with her mother since entering the school, and the plaintiff's request on this occasion was denied.   She insisted, took her daughter away with her, and kept her until the afternoon of the following Monday.   Thereupon the defendant refused to allow the daughter to remain longer in the school unless the plaintiff would accept the defendant's construction of the contract, which was that the officers of the school had absolute discretion to deter-

mine when a pupil should be permitted to be absent. The plaintiff refused to accept this construction, took her daughter away, and brought this action to recover the money which she had advanced for a half year's board and tuition. Before the beginning of the school year the plaintiff signed and forwarded to the defendant a paper as follows:

"Application. I hereby apply for a place in Laselle Seminary for Belle A. Curry for the year beginning in September, 1894. I have read in the Laselle catalogue the financial and other conditions on which pupils are received, and consider myself bound by them. Mrs. S. S. Curry, parent. Said Belle A. Curry is twenty years of age, is in good health, has been attending Northwestern University, and intends to take a regular course."

The plaintiff testified that the catalogue had been sent to her some time before she made this application, and that she had read it. Under the heading "Regulations" in the catalogue are these words: "Payment is to be as stated on the next page, and no deduction is made for absence except in cases of protracted illness, when one half the price of board (not tuition) is refunded. . . . Parents or guardians who place pupils here are understood to accept the conditions as defined in this catalogue." The next page of the catalogue called for an advance payment of three hundred dollars, which the plaintiff made.

The only question in this case is which of the parties was right in construing the contract. A disagreement had arisen between them as to whether the daughter should be permitted to go away from the school frequently to spend Sunday with her mother, and the question was which of them, under their contract, had a right to decide. If there had been no express contract, the plaintiff, by placing her daughter as a pupil in the school, would have impliedly agreed that she should obey all reasonable rules and regulations of the school. This is the duty of every pupil who attends a public school, and a parent has no right to have his child remain in a public school if he persists in wilfully disregarding such reasonable rules. *Sherman* v. *Charlestown*, 8 Cush. 160. *Spiller* v. *Woburn*, 12 Allen, 127. *Russell* v. *Lynnfield*, 116 Mass. 365. Regulations requiring constancy in attendance from the scholars have often been held to be reason-

able, and the desire of the parent frequently to keep his child at home must yield to the interests of all the other scholars in the school of which his child is a member. *Ferriter* v. *Tyler*, 48 Vt. 444. *Burdick* v. *Babcock*, 31 Iowa, 562. *North* v. *University of Illinois*, 137 Ill. 296.

In the present case the defendant inserted in its catalogue under the heading " To Parents," and the sub-heading " Vacation, Visits, etc.," the following: " Every student is needed at the first hour of the first, and until the last hour of the last, day of the year. Every irregularity is injurious, embarrassing the irregular one and others. Frequent ' going home to spend Sunday' is not compatible with good scholarship. You are therefore expected not to allow your daughters to be absent from school except at the regular recesses." This last sentence, in connection with those that preceded it, is a notification to parents that their daughters are to be kept constantly in the school except at the regular recesses, or at times when the officers of the school choose to permit absences. This is not an unreasonable regulation, nor is this construction of the language an unnatural one. It is obvious that frequent absences of some of the pupils in a boarding school for young ladies would not only be distracting to those who were absent, but would tend to produce discontent and demoralization among those who remained at the school. Practically there would be no difficulty from yielding this authority to teachers, for they are usually ready enough to regard the wishes and retain the good will of parents. In making such a contract, no parent would feel that there was any danger of the abuse of the authority by refusing to grant to the pupil permission to be absent in such a case as the death or very dangerous illness of a father, or mother, or brother, or sister. It is inconceivable that a teacher would willingly subject herself to general condemnation in such a case.

Besides, the language of the bill of exceptions is to be interpreted in reference to the nature of the controversy between the parties. They were considering such cases as ordinarily arise, in which there may reasonably be a difference of opinion in regard to the propriety of a temporary absence. It is at least doubtful whether, in favor of an excepting party, we should construe this contention of the defendant at the interview with the

plaintiff to refer to such an extraordinary case as that above supposed.

We are of opinion that the defendant was not bound to allow the plaintiff's daughter to remain in the school, unless with the understanding that she should not be absent without the permission of the officers of the school.      *Exceptions overruled.*