## Gustav Serber v. Thomas McLaughlin.

1. CONTRACTS—*Performance—Elementary Law.*—When a contract is entered into to do a thing which is possible in itself, that the promisor will be liable for a breach of it, notwithstanding it is beyond his power to perform it, is elementary law; for it is his own fault to run the risk of undertaking to perform an impossibility, when he might have provided against it by his contract.

2. SAME—*Conflicts Arising from the Employment of Union and Non-union Labor.*—Conflicts arising from the employment of union and non-union labor are matters of such general knowledge that contractors must be held to have notice of them and assume the risk of any delays, or suspension of their contracts, that may occur through their men refusing to work.

3. SAME—*When There Can Be No Recovery for Part Performance.*—When a contractor fails to perform his contract, the contract being entire, and his failure without legal excuse, he can not recover upon a *quantum meruit.*

4. SAME—*When No Recovery on a Quantum Meruit is Authorized.*—Where parties make an express contract, no contract will be implied; the action must be upon the express contract, and the recovery under its terms; no recovery on the *quantum meruit* is authorized or can be sustained.

Assumpsit, on *quantum meruit.* Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the August term, 1901. Reversed, with a finding of facts. Opinion filed October 21, 1901.

Serber v. McLaughlin.

**Statement.**—This suit was commenced before a justice by appellee, where he recovered judgment for $100, from which an appeal was taken by defendant to the City Court of East St. Louis. When tried in that court, the jury returned a verdict in favor of plaintiff for $130. Upon the hearing of a motion for a new trial, plaintiff remitted $30, whereupon judgment was rendered against defendant for $100, from which judgment he appeals.

The action is in the nature of a *quantum meruit* to recover for work and labor done, and material furnished, upon an oral contract entered into by appellee and appellant, October, 1899, to do the lathing and plastering and furnish material complete, for $480, on appellant's house. Appellee sublet the lathing to one Alcott. Some material was furnished and some labor done, when the men employed by Alcott who belonged to a labor organization, quit work and refused to proceed because appellant had a non-union carpenter working in the building, whom he would not discharge. Appellee claims that in consequence of such refusal to discharge the non-union carpenter, he was prevented by appellant from completing his contract, and that in consequence thereof, he is entitled in law to recover upon a *quantum meruit*. On November 28, 1899, appellant served notice on appellee to resume work and speedily complete his contract or it would be forfeited and he would be held for damages, etc., in consequence of such failure.

KURT VON REPPERT, attorney for appellant.

WM. P. LAUNTZ, attorney for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Counsel for appellee in their brief present the reason for appellee's not fulfilling his contract, substantially as follows:

" The main facts are an agreement by defendant to pay plaintiff $480 for furnishing material and labor, and plastering certain premises. This was a verbal agreement, made in October, 1899. McLaughlin got ready to do the job, saw the wholesale and retail men, purchased some one hun-

dred and thirty-five bushels of lime, the hair, and com-pleted his contract with the lumbermen for the lath; also had his horses and scaffolding, hauled some eight loads on the premises, lime slacked and run off, and some seven or eight hundred yards of lath put on by his subcontractor, Alcott, all of which consumed about three weeks' time. Thus the work was progressing when the walking delegate of the carpenters' and plasterers' unions discovered that Serber was working a non-union carpenter, and notified McLaughlin's men to quit work, which they were compelled to do. * * * McLaughlin immediately informed Serber that his men had been called off and urged him to withdraw from the building the non-union carpenter so that his work might be proceeded with. Serber said : 'No, they would have a point on him.' McLaughlin and Alcott went to Serber and urged Serber to remove the obstruction that they might proceed with the work. But the stubbornness of Serber could not be overcome. We have here a spectacle of Serber preventing, by his physical act, the doing of the very thing the party prevented is exceedingly anxious to do."

It is not claimed that it was a part of the contract that appellant, Serber, should not employ non-union labor. Whatever may be thought of his persistency in refusing to discharge the non-union laborer who was in his employ, he had a legal right to so refuse, and such refusal was not in law an act that can be held to have prevented appellee from performing his contract. If he desired to guard himself against such a contingency, he should have so provided in his contract.

It is said in Walker v. Tucker, 70 Ill. 527, in treating of the obligations of a contract, "it was incumbent on appellants to know, and the presumption is they did know when they made this covenant, the difficulties to be encountered in performing it. It is elementary law that when the contract is to do a thing which is possible itself, the promisor will be liable for a breach thereof, notwithstanding it was beyond his power to perform it; for it was his own fault to run the risk of undertaking to perform an impossibility, when he might have provided against it by his contract. Citing Chitty on Conts. (11th Am. Ed.), 1074.

The conflicts arising from the co-employment of union and non-union labor are matters of such general knowledge that appellee must have known of them.  He contracted to do a part of the work upon a building in process of erection at a fixed price.  He assumed the risk of any delays, or suspension of his contract that might occur through his men refusing to work.  Having failed to perform his contract without any legal excuse for such failure, he can not recover upon a *quantum meruit* for a part performance.

It is said in Illingsworth v. Slossen, 19 Ill. App. 612:

" The plaintiff having clearly proven that he failed to perform the contract, we are at a loss to understand how he could obtain remuneration for what he did in trying to perform it.  It does not appear that he was prevented from accomplishing what he undertook by any act of defendant, but it does appear that he could not accomplish what defendant agreed to pay him for performing.  The contract is entire.  What was to be done by one party and what was to be paid by the other is certain and fixed.  In such case there can be no apportionment, and no recovery for any part of the consideration until that for which it is agreed to be paid has been performed.  2 Parsons on Contracts, 520–522; Rockwell v. Newton, 44 Conn. 333.

Where the parties have made an express contract, no contract will be implied, and the action must be upon the express contract, and the recovery under its terms; and no recovery on the *quantum meruit* is authorized or can be sustained.  Walker v. Brown et al., 28 Ill. 378; Ford v. McVay, 55 Ill. 119; Sickles v. Pattison, 14 Wend. (N. Y.) 257."

Holding, as we do, that the refusal of appellant to discharge a laborer under his employ upon the demand of appellee was not in law a prevention of appellee from performing his contract, and that no sufficient cause is shown for its non-performance, we think the instruction to find for the defendant, asked by appellant at the close of plaintiff's evidence, and again at the close of all the evidence, should have been given.  Judgment reversed.

**Finding of Facts.**—In October, 1899, appellee contracted to furnish material and to lath and plaster a house for

appellant in process of erection, for $480, and commenced to execute his contract. That during its execution, his men employed in the work refused to continue at work upon the order of a " walking delegate," because appellant had in his employ on the building a non-union carpenter. That appellee requested his discharge and appellant refused to discharge him. That appellee failed for this reason to complete his contract, and that appellant served written notice upon him, on the 28th of November, 1899, to complete his contract, which he did not do, and the work was finished by appellant. We find that appellee was not prevented by appellant from completing his contract.