Ballard v. Shea.

## Frank E. Ballard v. Daniel W. Shea.

### Gen. No. 11,784.

1. CONTRACT—*when not subject to construction.* Where a contract is plain in its meaning, there is no room for construction notwithstanding a particular contingency subsequently arising is not covered thereby.

2. IMPLIED CONTRACT—*when does not arise.* An implied contract does not arise to cast upon a party an obligation where an express contract covering the subject-matter of the alleged claim has been made.

3. INSTRUCTIONS—*when, upon implied contract, erroneous.* Instructions which predicate a right of recovery upon an implied contract are erroneous where the subject-matter of the plaintiff's claim was covered by an express contract and no implied contract has existed as a matter of law.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Reversed. Opinion filed June 2, 1905.

**Statement by the Court.** In 1891, Frank E. Ballard, appellant, and James Darlow were engaged in the real estate business in the city of Chicago under the firm name of F. E. Ballard & Co. Appellee, Daniel W. Shea, was also engaged in the same business. F. E. Ballard & Co. were then engaged in trying to sell forty and one-half acres of land, eight blocks, located in the town of Cicero, Cook county, Illinois. The land was owned by Richard Street. Appellee Shea made inquiry at the office of F. E. Ballard & Co. regarding this land, and obtained the terms upon which the property was offered for sale. Appellee, as agent for his customers, claims to have entered into negotiations with Ballard & Co., as agents for the owner, for the purchase of the land. On February 7, 1891, E. S. Cummings, Francis Murphy, John Devlin and E. G. Shea, a brother of appellee, whom appellee claims he represented, made a contract with Richard Street for the purchase of the entire eight blocks of land for $141,750.

On the same day Ballard & Co. made a written agreement with Shea as follows:

"Chicago, Feb. 7, 1891.

Daniel W. Shea,

We agree to pay you one and a quarter per cent. commissions on the Street sale of 40½ acres (8 blocks) of land in Hutchinson & Rothermoles' Sub., Sec. 18, T. 39, R. 13 E. of 3rd p. m., when said sale is fully carried out as per agreement this day made, price $141,750, on the express understanding that no other agent or broker shall make claim for such commission. F. E. BALLARD & Co.,

J. D."

The parties who signed the contract as purchasers of the eight blocks formed a syndicate for the purpose of disposing of the land, thus expecting to realize a sufficient sum to carry out the purchase of land from Street. They were not successful in selling sufficient shares in the syndicate to enable them to carry out the purchase of the entire eight blocks according to their contract with Street made February 7, 1891, and referred to in the above quoted agreement of the same date. Finding themselves unable to carry out the purchase, about July 1, 1891, the purchasers obtained a cancellation of the original contract of February 7, 1891, with Street, by paying Street about $600 or $800 and made a new contract with him for four of the eight blocks.

About seven years after the transaction, on March 9, 1898, appellee Shea brought this action against appellant Frank E. Ballard and James Darlow for commissions on the sale. The declaration filed on the same day consisted of a special count and the common counts. The special count avers that Shea, the plaintiff, was a real estate broker and as such was employed by the defendants to aid them in disposing of forty and one-half acres of land at the price of $141,750, and agreed to pay him one and one-quarter per cent. commissions upon the sale at the above price according to the terms of a written agreement, and sets up the above quoted agreement. It avers that plaintiff fully carried out the agreement and that the sale at the said price was fully carried out and that the defendants have failed and refused to pay him $1,-771.87 for his commission.

Ballard v. Shea.

Two amended additional counts were filed September 24, 1901, by leave of court, which allege the same employment and the same contract, setting it out in words and figures, and aver that plaintiff accepted the employment and made a sale of one-half the land, or four blocks, which sale was carried out, the original agreement having been modified so that the purchasers furnished by plaintiff purchased one-half or four blocks of the land, the original payment of $5,000 made to the owner being applied on the purchase price of the four blocks, and that the purchase of the four blocks was fully carried out and that plaintiff was entitled to his commission of $3,000 and interest thereon upon the sale, which had never been paid to him.

Subsequently, on March 8, 1902, two more additional counts were filed, by leave of court, stating the same cause of action as stated in the additional counts filed September 24, 1901, and seeking to recover on the same theory.

Appellant Ballard filed his pleas of the general issue and the Statute of Limitations to the declaration and to the additional counts at the proper times. On October 23, 1902, the defendant Ballard filed a further plea to the special counts, alleging that the services were voluntarily rendered by plaintiff without request and that there was no good or valid consideration for the agreement. The court sustained demurrers to the pleas of the Statute of Limitations and appellant elected to stand by his pleas. The court also sustained a demurrer to the additional plea of defendant. On the trial of the cause appellee withdrew the common counts and the case was tried on the special counts alone. A verdict was returned for the plaintiff for $1,508.74 and judgment was rendered thereon.

SAMUEL WARE PACKARD, DE FOREST M. NEICE and WILLIAM E. CLOYES, for appellant.

PETIT, PARKER & KOPF, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

There is no material conflict in the evidence in this case.

It clearly appears that the purchasers under the contract of February 7, 1891, were unable to carry out and perform their part of the contract, by paying the balance of the purchase money when it became due. Mr. Street, the owner of the property, was ready to perform his part of the contract and convey the property according to its provisions. The purchasers made every effort to save the money which they had paid and prevent a forfeiture. They finally induced Street, by paying him several hundred dollars, to release them from the contract, and it was abandoned and given up, at the request of the purchasers. As a part of the same transaction a new contract was entered into for the purchase of four blocks instead of eight blocks.

On the trial the plaintiff amended his declaration by withdrawing the common counts. The declaration then, as it finally stood, counted on the special contract set forth in the special counts. This was an express contract, and there was no foundation in the case for a recovery on an implied contract. The plaintiff was bound to prove the contract set out in his declaration and its performance on his part, and that the sale of the land therein mentioned was fully carried out, in order to show that he was entitled to the commission which appellant's firm had agreed to pay him. The contract of purchase was never carried out. The purchasers were unable to pay the purchase money. Upon this state of facts there could not be a recovery under the terms and conditions of the contract declared on in the declaration. The contract was not a general contract to pay commissions on sales made by appellee. If it had been a very different question would have been presented. It was a contract to pay commissions at the rate named on the particular sale of February 7, 1891, which had been made, when that sale was fully carried out according to the agreement therefor, subject, however, to the further condition "that no other agent or broker shall make claim for such commissions." No ground is perceived for construing the contract in such a manner as to cover any other sale than that named therein. There is nothing in the contract itself, or the relations of the parties, or the facts

shown in the record which indicates that the words used did not express the precise contract intended. "Courts cannot adopt a construction of any legal instrument which shall do violence to the rules of language or the rules of law. Words must not be forced away from their proper signification to one entirely different, although it might be obvious that the words used, either through ignorance or inadvertence, expressed a very different meaning from that intended." 2 Parsons on Contracts, 6th ed., secs. 494, 495, 496. The language of the instrument declared on is not ambiguous, and if it does not cover the contingency that happened, it is no part of the duty of the court, by construction, to make it. As said in Smith v. Davis, 48 Ill. App., at page 202: "Where parties employ language having a plain and ordinary meaning it is not competent for the courts to destroy that meaning, even though it may appear that in a certain contingency the result would be somewhat harsh or even unexpected. It is to be presumed that the parties fully considered all contingencies, and if they did not, that they intended to abide by the terms of the contract in any event."

It is clear, we think, that the contract sued on does not contemplate the payment of a commission on a sale of four blocks made in July, 1891. The parties contemplated the payment of a commission on the sale of February 7, 1891, of the whole tract of land, and no other sale. The clear and concise language used is not capable of any other construction, and negatives any other meaning. In Meachem on Agency, sec. 965, p. 793, the author says: "The parties are at liberty to make the payment of commissions dependent upon such lawful conditions and contingencies as please them, and where no improper advantage is taken, their express stipulations must prevail, although the result be that the broker finds that he has risked his labor and expenses upon the mere caprice of his employer."

The principle here involved is well stated in Illingsworth v. Slosson, 19 Ill. App. 612, as follows: "Where the parties have made an express contract, no contract will be implied, and the action must be upon the express contract, and the

recovery under its terms, and no recovery on the *quantum meruit* is authorized or can be sustained. Walker v. Brown et al., 28 Ill. 378; Ford v. McVay, 55 Ill. 119; Sickels v. Pattison, 14 Wend. 257."

The rulings of the trial court and the instructions given were not in harmony with the views here expressed. In our opinion the motion of defendant at the close of the plaintiff's case for a peremptory instruction to the jury to find for the defendant should have been allowed for the reasons above given. The court should have instructed the jury at the close of the evidence to find for the defendant. The refusal of the instruction asked by defendant was error.

The second and third instructions given at the request of plaintiff are erroneous for the reason that they do not base the right to a recovery upon the contract sued on, but upon an implied contract. For the same reason the court erred in giving the instruction which the court gave upon its own motion.

For the reasons indicated the judgment is reversed.

*Reversed.*