## Mrs. F. G. Robertson, Defendant in Error, v. T. G. Warden, Plaintiff in Error.

### Gen. No. 21,547.

1. PLEADING, § 400*—*when liability of each defendant must be established.* Where suit is brought against two defendants, the plaintiff, in order to recover must prove the liability of both.

2. HUSBAND AND WIFE, § 164*—*what does not constitute family expense chargeable on property of both husband and wife.* Under section 15, ch. 68, Rev. St. (J. & A. ¶ 6152), providing that expenses of the family shall be chargeable upon the property of both husband and wife, or of either of them, no recovery may be had against a husband for a dress made on the order of his wife which she has refused to accept, it not having been bought for family use and actually used or kept for use in the family.

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the October term, 1915. Reversed. Opinion filed January 17, 1916. Petition for rehearing struck from files January 31, 1916.

GARNETT & GARNETT, for plaintiff in error; CYRUS L. GARNETT, of counsel.

FRANCIS A. HARPER and ERNEST W. CLARK, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The plaintiff, Mrs. Robertson, brought an action in the Municipal Court against the defendant, Warden, and his wife for the price of a black dress made by plaintiff for Mrs. Warden by her order, and a purple dress ordered by her. Mrs. Warden was not served with process and the action proceeded against Mr. Warden. The black dress was sent to Mrs. Warden at her residence in November, 1913, and was returned

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by her to plaintiff for alteration. Plaintiff made certain alterations in the dress and sent it again to Mrs. Warden C. O. D., and she refused to accept it. Plaintiff sent the dress to Mrs. Warden again the next day, but she had gone to California and the dress was not delivered but was returned to plaintiff. The purple dress was not finished and both dresses remained in the possession of the plaintiff and were by her brought into court and tendered to Mr. Warden, who refused to receive them.

Having sued two defendants, plaintiff, in order to recover, was bound to prove that both were liable. The liability of the husband to plaintiff in error is claimed under section 15, ch. 68, Rev. St. (J. & A. ¶ 6152), which is as follows:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

This section was copied from the Iowa statute. In *Fitzgerald v. McCarty*, 55 Iowa 705, it was held that to constitute a family expense chargeable on the property of both husband and wife, an article must not only have been bought for family use but actually used or kept for use in the family; that it was not sufficient that an article was purchased for or on account of and with the intent that it be used in the family, although never used therein or by any member of the family. To the same effect is *Straight v. McKay*, 15 Colo. App. 60, 60 Pac. 1106. The precise question here involved does not appear to have been decided by any court of review in this state, but we concur in the decisions above referred to. As the conclusion thus reached is fatal to plaintiff's right of recovery, it is unnecessary to consider the other grounds of reversal argued.

The judgment of the Municipal Court is reversed.

*Reversed.*