Culver Military Academy, Appellant, v. Emma L. Staley, Appellee.

Gen. No. 8,214.

Opinion filed July 2, 1928.

F. R. WILEY, for appellant.

LEFORGEE, BLACK & SAMUELS, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

The Culver Military Academy commenced this suit in the circuit court of Macon county to recover a balance of tuition claimed to be due from Emma L. Staley, the appellee herein; also to recover for certain extras, clothing, books, etc., furnished the appellee's son during the time he was a cadet at the academy.

The special count of the amended declaration which states appellant's cause of action avers that the appellee's son, Andrew Rollin Staley, was entered by the appellee, on her written application made for that purpose, as a cadet in appellant's academy for the year commencing September, 1925, and ending June, 1926, subject to the conditions of the printed catalogue issued by the academy and the regulations of the academy; and the application expressly provided, that "as a precaution against the admission of undesirable boys, it is distinctly understood that the parents or

guardian in this application certify that his son is amenable to discipline, and is free from vicious or immoral habits;'' and that ''cadets are admitted only upon the express condition that they shall remain at the academy until the end of the session, unless suspended or dismissed for misconduct or breach of school discipline; and the parent or guardian agrees that in the event of such suspension or dismissal, or in case of voluntary withdrawal, no part of the fee for tuition for the school year shall be refunded or remitted; and any unpaid balance on account of such fees for the school year shall become immediately due and payable to the academy as liquidated damages.'' The declaration further avers that the appellee's son was admitted to the academy on September 8, 1925, as a cadet therein, pursuant to the appellee's application for his admission, and that on September 23, 1925, in disregard of the regulations of the academy, he intentionally and wilfully ran away and left the academy, and absented himself without leave for three days; and that this act of desertion was subversive of and contrary to the requirements in the catalogue, and in violation of the discipline and printed regulations of the academy, and made appellee's son liable to dismissal; and that for this act of desertion the appellant, through its proper officers, the superintendent, commandant of cadets, executive officer and faculty, upon due consideration of the matter, dismissed him from the academy; and that therefore under the conditions agreed upon in the appellee's application for the admission of her son as a cadet, the appellant was entitled to recover the balance due on the amount of the tuition, namely, $1,250, and the balance due for the extras furnished, amounting to $12.30. The appellee filed the general issue to the declaration, and the case proceeded to a trial by the court, a jury having been waived by agreement. At the close of all the evidence, the court found the issues for the appellee, and on motion of the

appellee rendered judgment against the appellant for costs of the suit. This appeal is prosecuted from the judgment.

On the trial of the case in the court below, the appellant offered in evidence the appellee's application for the entering of her son as a cadet in the academy which has been referred to; also, the catalogue of the academy containing the rules and regulations mentioned in the application, which fix the amount of the tuition and other charges which would become due and payable in connection with the cadetship of the appellee's son in the academy; also the written regulations and discipline which all cadets were obliged to submit to and be governed by, including paragraph 210, which is as follows: "Any cadet who shall absent himself from the immediate vicinity of barracks at night, after call to quarters, without permission, and go beyond the limits, shall be dismissed." Also paragraph 256, which is as follows: "The superintendent and also the commandant of cadets shall have power to investigate violations of the regulations, disorders and breaches of discipline committed by cadets. In any official investigation made by the superintendent or commandant of cadets (under the authority given them in this paragraph) they have the right to require any person under their command to answer interrogatories as to the facts within his knowledge, no matter who, except himself, may be incriminated by his answers, and refusal to answer is disobedience to orders." Further evidence was introduced by calling W. R. Kennedy as a witness, and he testified as follows in reference to appellee's son as a cadet in the academy: "I am employed by the Culver Military Academy of Culver, Indiana, as a teacher, and have been since September, 1905. I have charge of the tactical staff. The school is divided into eight infantry companies, one battery of artillery, one troop of cavalry and one band. The infantry companies are designated by letter; the bat-

tery by the name of the Culver Battery and the troop by the name of Black Horse Troop. I know and am acquainted with Andrew Rollin Staley. I first got acquainted with him about September, 1923, as I recall it. He was a student in the institution in the year 1923 and 1924. The academic year for 1925 started about September 15. I saw young Staley there about September 15. I have charge of Company B. * * * I saw him there following September 15, 1925. I saw him at the barracks, in my barracks, B. Company barracks, until sometime in the night of September 18, 1925. I first discovered his absence from the academy the morning of September 19.'' The appellant also called M. V. Bennett, who was connected with the academy as a teacher of cadets, and who was present at a meeting of the governing members of the faculty held about September 21, following the disappearance of appellee's son from the academy, for the purpose of considering the matter of the reinstatement of appellee's son as a cadet. The witness was asked concerning the members of the faculty present at the meeting with reference to the positions that they held in the academy, which was a matter within his knowledge, but on objection by the appellee's counsel was not allowed to answer. Nor was he upon objection of the appellee allowed to answer what statement if any appellee's son made, or what reason he gave at this meeting of the faculty for leaving the academy, and when he left and why he left.

The record sufficiently discloses that the meeting referred to was held by the governing officials of the academy for the purpose of determining the status of appellee's son as a cadet after his alleged desertion from the academy, and to determine the extent and character of his infraction of discipline and breach of the rules and regulations of the academy, and for the purpose of passing on his application to be reinstated as a cadet. It was a necessary element in ap-

pellant's right of recovery to show that young Staley left the academy without proper leave given or in violation of the rules and regulations of the academy. Young Staley's own statement as to the motive he had in leaving, or the purpose of his leaving, or whether he left without obtaining proper leave therefor, was competent and the best evidence on that subject. Appellee's son was her agent for the purpose of carrying into effect her contract with the appellant as set forth in her application for his cadetship; her son was in the academy for the purpose of his tuition, training and discipline. The application, the catalogue and the rules and regulations of the academy are all a part of the contract here involved. *Manson v. Culver Military Academy,* 141 Ill. App. 250. All of the acts and declarations of appellee's son as a cadet after he had entered in the academy concerning the carrying into effect of the contract or in connection with his cadetship, or in the course of his cadetship so far as they tended to show a compliance or noncompliance with the terms and conditions of the contract, are binding on the appellee and are competent evidence as a part of the *res gestae.* "The declarations of an agent * * * are admissible in evidence against the company when they form a part of the *res gestae* of some business transacted * * * for his principal." *Lincoln Coal Min. Co. v. McNally,* 15 Ill. App. 181; *Citizens Gas-Light & Heating Co. v. Granger,* 19 Ill. App. 201; 1 Green 113. In the case of *Prussian Nat. Ins. Co. v. Empire Catering Co.,* 113 Ill. App. 67, the same principle was involved and the court said in reference to the declarations of an agent of the Empire Catering Co.: "Mr. Gregory was the representative of the appellee in relation to the adjustment of this loss. Whatever he did in the lawful prosecution of that business was the act of the Empire Catering Co.; clearly, what he may have said respecting the subject matter, if made while still engaged in the

principal's business, is also admissible as a verbal act and part of the *res gestae."* It is a well-established principle of the law that declarations which form a part of the *res gestae* and are to be considered as a part of the transaction do not come under the head of hearsay, but are admissible as original evidence. *Lund v. Tyngsborough,* 8 Cush. (Mass.) 36; 22 C. J. 449.

For the reasons stated, we are of opinion that the ruling of the trial court in excluding the evidence pointed out was erroneous, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*