Northwestern Military and Naval Academy, Appellee,
v. Lee Wadleigh and Lettie Wadleigh, Appellants.

Gen. No. 8,441.

Opinion filed June 7, 1932. Rehearing denied July 23, 1932.

GOWER, GRAY & GOWER, for appellants; FOSTER A. SMITH and JOSEPH J. TOLSON, of counsel.

WALTER C. SCHNEIDER, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This appeal is being prosecuted by Lee Wadleigh and Lettie Wadleigh, husband and wife, to reverse a judgment for $500 obtained against them in the circuit court of Kankakee county by the appellee, the Northwestern Military and Naval Academy, a corporation, in an action of assumpsit. The amount of the judgment is the balance alleged in the declaration of the appellee to be due from the appellants for tuition for their son, Morey C. Wadleigh. It is first to be determined if the trial court erred in not sustaining Lee Wadleigh's plea in abatement. The liability of Lee Wadleigh to pay the unpaid portion of the tuition turns upon questions of law raised by the pleadings and involves, it is contended by appellee, a construction of section 15 of the Husband and Wife Act. (Cahill's St. ch. 68, ¶ 15; Smith-Hurd, Ill. Rev. St. ch. 68.)

The declaration alleges that appellee was conducting an academy providing for a limited number of boys academic, physical, moral, military and naval training for an annual tuition of $1,200; that the appellants on August 5, 1922, were husband and wife and the parents of Morey C. Wadleigh, aged 18 years, and the three constituted a family; that appellants were jointly and severally liable for the care, support and education of Morey; that on July 26, 1922, Lee Wadleigh requested appellee to mail to him a copy of the Academy's catalogue. This was forwarded to him at his address at Herscher, Illinois, on July 28, 1922.

The declaration further avers that the catalogue so forwarded to Lee Wadleigh, as the defendants and

each of them then and there well knew contained among other things the following provisions: "The annual charge of Twelve Hundred Dollars ($1200.00) covers not only the usual board, tuition and laundry fee, but furnishes the use of all required military, naval and other uniforms and accoutrements, school, laboratory and gymnasium equipment, flannel, rubber capes, books, stationery, collars, white gloves, spending money, excursions, medical attendance and medicine for all cases of sickness not considered serious enough for the services of an outside physician; in other words, everything that is necessary for the student's health and comfort and the proper carrying on of his school work.

"The annual charge for board, tuition, spending money, etc., is payable at the opening of school. Parents who find it more convenient may divide this sum into payments of $700.00 at the opening of school and the balance, $500.00, on the first of the January following. At the time of filing the application for admission a registration fee of $25.00 is required.

"Cadets who leave the institution before the end of the academic year, without the consent of the faculty, or at any time without a clear record, or contrary to regulations, cannot be granted an honorable discharge, and no financial refund or reduction of the year's charges can be made.

"It is a condition upon which a cadet is admitted that he remain in the Academy until the end of the academic year unless discharged by the faculty. . . . It is distinctly understood, therefore, between the parent and the school that there can be no reduction in the charges in the case of a cadet leaving for any cause before the close of the school year."

The declaration further alleges that Lettie Wadleigh on August 15, 1922, signed a printed application whereby she made application to the appellee to enroll and admit Morey as a cadet of the Academy for the

school year beginning in September, 1922. The application by its terms is made subject to the provisions of the printed catalogue of the Academy. That Morey was accepted as a cadet for the school year; that he entered the academy and remained as a student until January 7, 1923. At which time, with the knowledge and consent of the defendants, and without fault or consent of the faculty of the Academy, Morey refused and neglected to return to the school; that plaintiff performed all duties and obligations devolving upon it toward said Morey C. Wadleigh, and offered and did provide him with board, tuition, laundry, military and naval uniforms, etc., and since said time plaintiff has been ready and willing to carry out and complete its contract.

The declaration further alleges that defendants, through and by reason of said application being executed by Lettie Wadleigh and its acceptance by the plaintiff, and by force of the statute in such case made and provided, engaged themselves and each of them to pay to plaintiff $1,200, and to comply with all of the provisions of said catalogue; yet, the defendants, not regarding their said promises and undertakings, did not, and would not, pay to the plaintiff the said $1,200, but have paid the plaintiff only the sum of $700, and have refused to pay the remaining sum of $500, though often requested, etc.

Lee Wadleigh did not sign the application for admission of his son to the Academy. His plea in abatement prayed that the suit against him be dismissed. Upon a hearing on the plea, the court entered a judgment not sustaining the plea and Lee Wadleigh was ordered to plead further. Thereafter he filed a general and special demurrer to the declaration. The demurrer was overruled, Lee Wadleigh stood by his demurrer, and thereupon the court rendered and entered a judgment of default against him.

Lettie Wadleigh filed the general issue to the declaration, a trial was had before a jury, and at the close of all of the evidence the court, on motion of the appellee, instructed the jury to find a verdict against Lee Wadleigh and Lettie Wadleigh for $500; judgment was rendered on the verdict.

It is urged by Lee Wadleigh that the court erred in entering judgment *respondeat ouster* against him on the determination of his pleas in abatement. On behalf of Lettie Wadleigh it is assigned as error that the court improperly directed a verdict against her and that the court should have granted her motion for a directed verdict in her favor made by her at the close of all of the evidence.

The plea in abatement alleges that the several promises in the declaration mentioned were each made by Lettie Wadleigh alone and not by Lee Wadleigh, either alone or with Lettie Wadleigh. Neither a replication nor a demurrer was filed to the plea; nor was a motion made to strike the plea. From an examination of the record, it has been determined that the issue raised by the plea was decided by the court as a question of law triable by the record. *Miller v. Grand Lodge Brotherhood of Railroad Trainmen,* 206 Ill. App. 241; *Little v. Blue Goose Motor Coach Co.,* 244 Ill. App. 427; *King v. Haines,* 23 Ill. 340; *Life Ass'n of America v. Fassett,* 102 Ill. 315; *Sturdivant v. Smith,* 29 Me. 387.

To sustain his contention that the plea should have been sustained, it is urged by Lee Wadleigh that the declaration does not allege an express contract by him to pay the tuition, nor does it allege facts showing a statutory liability on his part to pay the tuition under section 15 of the Husband and Wife Act, Cahill's St. ch. 68, ¶ 15.

In answer to Lee Wadleigh's contention, the appellee states that the declaration does sufficiently allege a contract relation between Lee Wadleigh and the appellee, not that it charges him to be a party to the writ-

ten application signed by his wife, as a matter of agency or otherwise, but nevertheless, a party to a contract. In other words, appellee's contention is that the facts averred in the declaration are sufficient to charge Lee Wadleigh with an implied contract; that the contract, evidenced by the application and the terms of the catalogue, by legal interpretations and by its provisions, is entire and indivisible; that both the express contract of Lettie Wadleigh and the implied contract of Lee Wadleigh are both executed and not executory; that, therefore, Lee Wadleigh is liable on his implied contract to pay the unpaid balance of $500 of the $1,200 tuition for the entire school year.

Lettie Wadleigh signed the application for the admission of Morey as a cadet of the Academy. He was accepted as such cadet by the Academy for the school year. The application was subject to the terms of the printed catalogue and the regulations of the academy which very fully and clearly stated and defined the tuition, board, clothing, etc., which were to be furnished by the Academy for the school year upon the promise of Lettie Wadleigh to pay the annual charge of $1,200. Thus it is very plain that by her signing the application and the Academy accepting Morey as a cadet, Lettie Wadleigh and the Academy entered into an express contract covering the entire subject matter which is now the ground, or basis, of the litigation between the parties to this action, the express contract being evidenced, of course, by the application and the terms of the catalogue. *Culver Military Academy v. Staley,* 250 Ill. App. 531; *Hitchcock Military Academy v. Myers,* 76 Cal. App. 473 (hearing denied before Supreme Court of Cal., April 5, 1926); *Vidor v. Peacock* (Tex. Civ. App.), 145 S. W. 672; *Curry v. Lasell Seminary Co.,* 168 Mass. 7, 46 N. E. 110; *Teeter v. Horner Military School,* 165 N. C. 564, 81 S. E. 767; *Van Brink v. Lehman,* 199 N. Y. App. Div. 784, 192 N. Y. 342.

The allegations of the declaration have not escaped our attention. We are aware of cases holding that where a parent has read or knows the terms with respect to the tuition and other charges contained in the catalogue of a private school, and sends his child to the school as a student for the purpose of receiving instruction and being maintained as stated in the catalogue, his act is an implied acceptance of the offer of contract contained in the catalogue, although the parent fails or refuses to sign the application for his child's admission to the school. *Vidor v. Peacock, supra; Horner School v. Wescott,* 124 N. C. 518, 32 S. E. 885; *Kentucky Military Institute v. Bramblet,* 158 Ky. 205, 164 S. W. 808. It would seem there is much merit in the contention of the appellee, considered as a general proposition. However, as above stated, in the case at bar an express contract exists covering the entire subject matter arising from which the appellee seeks to have the law imply a contract on the part of Lee Wadleigh to pay the whole tuition. In this State the law is well settled that where an express contract exists about the entire subject an action to recover what has been done or furnished must be between the parties to the contract, and a third person, though benefited by the contract, or the performance thereof, cannot be sued upon implied contract, or on implied assumpsit. *Walker v. Brown,* 28 Ill. 378; *Compton v. Payne,* 69 Ill. 354; *Morrison v. Jones,* 6 Ill. App. 89; *Serber v. McLaughlin,* 97 Ill. App. 104; *Ballard v. Shea,* 121 Ill. App. 135; *Illingsworth v. Slosson,* 19 Ill. App. 612.

It is next contended by the appellee that incidentally Lee Wadleigh is liable under the statutes, meaning said section 15, Cahill's St. ch. 68, ¶ 15, which reads as follows: "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of

them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately.'' Appellee in his argument replies at some length to the position taken by the appellant that the family expenses are such as are incurred for articles to be used in the family and actually used or kept for such use therein. Appellants' position is supported by the cases of *Hyman v. Harding,* 162 Ill. 357; *Robertson v. Warden,* 197 Ill. App. 478; *Blackstone Shop v. Ashman,* 250 Ill. App. 401; *Lederer v. Blair,* 212 Ill. App. 141. Appellee does not deny that these cases fully sustain appellants' position as to family expenses, but it argues that Lee Wadleigh is liable under the words of the statute, ''and of the education of the children.'' The offer of the Academy was to board, lodge, and clothe Morey Wadleigh, the minor son of Lee Wadleigh, for the entire school year. Upon what theory Lee Wadleigh is to be held liable, under the statute, for those family expenses not furnished, by bringing them within the terms of the statute, ''and of the education of the children,'' because the Academy was also to give Morey, during that time, a course of instruction preparatory to business, is not made clear to this court. The position of the appellee is not tenable. We are of the opinion that the plea in abatement should have been sustained.

The case must be reversed and remanded. The case has been pending in the courts for almost 10 years. It should be brought to an end. The defense of Lettie Wadleigh that she was deceived by the published terms of the catalogue and as a consequence Morey did not receive the course of instruction for which he was entered in the Academy, is contradicted by the statements contained in the catalogue, and is without force. The contract between Lettie Wadleigh and the Academy was entire and indivisible, and the Academy is entitled to recover from her the whole $500, or noth-

ing. *Manson v. Culver Military Academy,* 141 Ill. App. 250; *Curry v. Lasell Seminary Co.,* 168 Mass. 7, 46 N. E. 110; *Teeter v. Horner Military School,* 165 N. C. 564, 81 S. E. 767; *Fessman v. Seeley* (Tex. Civ. App.), 30 S. W. 268; *Van Brink v. Lehman, supra; Kabus v. Seftner,* 69 N. Y. S. 983; *Collins v. Price,* 5 Bing. 132, 15 English Law Rep. 507; *International Text-Book Co. v. Martin,* 92 Neb. 430, 138 N. W. 582; *Head v. Theis,* 106 N. J. L. 281, 150 Atl. 191; *Hitchcock Military Academy v. Myer, supra; Hall v. Mt. Ida School for Girls,* 258 Mass. 464, 155 N. E. 418; *Kentucky Military Institute v. Bramblet,* 158 Ky. 205, 164 S. W. 808.

The rule is different in the State of Michigan: *Mt. Ida School for Girls v. Rood,* 253 Mich. 482, 235 N. W. 227.

This court is not seriously impressed with the testimony of Morey Wadleigh which is relied upon by the appellant, Lettie Wadleigh, to prove a breach of contract by the appellee. An examination of his cross-examination shows that the alleged failure of the Academy to furnish satisfactory food, and to provide instruction in music, and to provide uniforms, were not the reasons for his failure to return to the academy as a cadet. He also complains that he was not given training in penmanship. The catalogue stated, "Penmanship and spelling are insisted upon for all who need it." Morey never made any request for such training, and only proof of his need of it is his testimony that he thought he needed it. It is also urged that hazing was practiced by the cadets contrary to the rules of the Academy. Morey testified that he and the other freshmen were called rats by upper classmen and he was compelled by them to shine their shoes and clean their gloves. He was unable to state, or estimate, how many gloves he washed; he polished, he imagined, about a dozen pairs of shoes. He made no complaint to the authorities of the Academy about the

treatment he received. There is no evidence in the record that the officials of the school knew or acquiesced in such treatment, or that they did not use reasonable efforts to discover the condition and stop it. The contract voluntarily entered into by the parties cannot thus lightly be set aside. The court did not err in directing a verdict against Lettie Wadleigh for $500. *Offutt v. World's Columbian Exhibition,* 175 Ill. 472.

There being no liability of the defendant, Lee Wadleigh, to pay as charged in the declaration, it necessarily follows there should not be a joint judgment against him and his wife in this case. A joint judgment is an entirety and must stand or fall as against both defendants. *Seymour v. Richardson Fueling Co.,* 205 Ill. 77; *Woods v. Bowman,* 200 Ill. App. 612; *Sergo v. Bloch,* 263 Ill. App. 198.

The judgment of the circuit court of Kankakee county is hereby reversed and the case remanded.

*Reversed and remanded.*